243 So.2d 646 (1970)
BELFORD TRUCKING CO., Inc., Appellant,
v.
John Rudolph ZAGAR, Appellee.
No. 70-331.
District Court of Appeal of Florida, Fourth District.
December 30, 1970.
Rehearing Denied February 25, 1971.
*647 Phillip G. Newcomm, of Shutts & Bowen, Miami, for appellant.
Albert Yurko, Orlando, for appellee.
CROSS, Chief Judge.
Appellant-defendant, Belford Trucking Company, Inc., appeals a final judgment entered on a jury verdict in favor of appellee-plaintiff, John Rudolph Zagar, in an action for conversion of $6,000 United States currency. We reverse.
Plaintiff, a truck driver, entered into an agreement whereby he was to drive a truck-tractor for defendant, a commercial carrier, and receive a percentage of the freight charges as compensation. The parties operated under the agreement for a number of months, during which time plaintiff made a down payment on the tractor, made monthly payments as agreed, and paid certain expenses for operation of the truck. Defendant trucking company received all the proceeds from the truck's operation and charged to plaintiff's account advances and expenditures for items properly chargeable to him under the terms of the agreement. The agreement was terminated when defendant's accounts showed that plaintiff had overdrawn his account by receiving more advances and incurring more expenses than the share of profits he was entitled to receive.
Subsequently, plaintiff instituted this conversion action, alleging that defendant had wrongfully deprived or converted to its own use legal currency rightfully belonging to plaintiff. The jury returned a verdict for $6,000 in favor of plaintiff, rejecting defendant's counterclaim for the overdrawn account. Judgment for the plaintiff was entered. This appeal followed.
*648 The primary thrust of this appeal is whether the evidence supported an action for conversion.
The modern action of conversion arose out of the common law action of trover where lost goods had been found and converted to the finder's own use. Pearl Assur. Co. v. National Ins. Agency, 1943, 150 Pa.Super. 265, 28 A.2d 334, reh., 151 Pa.Super. 146, 30 A.2d 333. Trover was expanded into other areas by the use of fictions to treat items as "lost" and "found." W. Prosser, Torts 79 (1964). Today, conversion is defined as an act of dominion wrongfully asserted over another's property inconsistent with his ownership of it. Goodrich v. Malowney, Fla. App. 1963, 157 So.2d 829.
What constitutes "property" which may be the subject of conversion has been the subject of considerable discussion, especially where the property alleged to have been converted consists of money or intangibles.
There is nothing in the nature of money as personal property which makes it an improper subject of conversion so long as it consists of specific money capable of identification. Russell v. The Praetorians, 1947, 248 Ala. 576, 28 So.2d 786. To be a proper subject of conversion each coin or bill need not be earmarked, but there must be an obligation to keep intact or deliver the specific money in question, so that such money can be identified. Shahood v. Cavin, 1957, 154 Cal. App.2d 745, 316 P.2d 700. Money is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where wrongful possession of such property is obtained. Hazelton v. Locke, 1908, 104 Me. 164, 71 A. 661. An example is where a specific sum of money is to be held in constructive trust until the occurrence of a specified event. Markel v. Transamerica Title Insurance Company, 1968, 103 Ariz. 353, 442 P.2d 97.
Accordingly, Florida courts have held money to be a proper subject of conversion where a sum of money sealed in an addressed envelope was misdelivered, (Southern Express Company v. Van Meter, 1880, 17 Fla. 783), and where a specified sum of money in a deposit bag was never credited to the depositor's account (Armored Car Serv., Inc. v. First Nat. Bank of Miami, Fla.App. 1959, 114 So.2d 431).
The requirement that the money be identified as a specific chattel does not permit as a subject of conversion an indebtedness which may be discharged by the payment of money generally. Hull v. Freedman, Tex.Civ.App. 1964, 383 S.W.2d 236. Therefore, where the parties have an open account, and the defendant is not required to pay the plaintiff identical moneys which he collected, there can be no action in tort for conversion. Garras v. Bekiares, 1946, 315 Mich. 141, 23 N.W.2d 239. A mere obligation to pay money may not be enforced by a conversion action. Dawkins v. National Liberty Life Insurance Co., D.C.S.C. 1967, 263 F. Supp. 119; 89 C.J.S. Trover & Conversion § 23; and an action in tort is inappropriate where the basis of the suit is a contract, either express or implied. Seekamp v. Small, 1951, 39 Wash.2d 578, 237 P.2d 489.
Turning to the case at bar, it is readily apparent that the basis of the dispute is a determination of the rights and the obligations of the parties under the agreement.
Neither the pleadings nor the proof reveal the precise nature of the $6,000 in legal tender sought to be recovered. At first glance it appears that plaintiff sought to recover his share of the $6,422.92 conceded to have been received by defendant as freight charges on the tractor's operation, but other portions of the record indicate that plaintiff sought recovery of $2,000 paid on the purchase price of the tractor and $4,000 expenses in the operation of the truck-tractor. Obviously, the money *649 sought lacks the specificity required to make it a proper subject of conversion.
In essence, plaintiff sought not damages for conversion of a specific, identifiable, stated sum of United States currency, but to enforce an obligation to pay money.
Since the evidence does not support an action for conversion, we have searched the record to see if we could sustain the judgment on any other theory consistent with the pleadings and proof. However, we have been unable to find support for the judgment on any theory for recovery in the record before us.
Accordingly, the judgment is reversed and the cause remanded with directions to enter a judgment for the defendant on the plaintiff's second amended complaint.
Reversed and remanded, with directions.
McCAIN, J., and SACK, MARTIN, Associate Judge, concur.