**TRADER v. BEENE, et al.**
No. 77-2670 SP.
County Court, Broward County.
June 14, 1977.

J. Kaylor Young, Fort Lauderdale, for the plaintiff.

Jeffrey A. Smith of Hawthorne, McCauley & Montgomery, Fort Lauderdale, for the defendants.

HARRY GULKIN, County Court Judge.

*Final judgment:* This matter came before the court for final hearing on June 7, 1977. The court, having had the opportunity to consider the testimony of the parties who appeared and participated in the hearing and the various witnesses called by and on behalf of the defendants, and having reviewed all the exhibits introduced into evidence, makes the following findings of fact and conclusions of law —

### Findings of fact

The plaintiff, Raymond W. Trader, on or about September 4, 1973, became the owner of a quarterhorse named "Annie's Missy."

During the fall of 1975, the defendant, Paul Beene, asked if the plaintiff was interested in selling the horse, to which the plaintiff indicated in the affirmative and, further, that he would require $500 as a selling price.

The particular horse, which is the subject matter of the instant litigation, was frequently utilized as a "trail horse" at the B & R Ranch located in Broward County which ranch eventually came under the ownership of defendant, Paul Beene.

It was well known that the defendant, Paul Beene, was in the market for purchasing and selling horses to any person who seemed interested in obtaining same. He would frequently go to other states and return with horses and thereupon sell them to persons residing in Broward County, deriving a profit from the sales.

During the summer of 1975, the plaintiff left Broward County for approximately six weeks; upon his return, he learned that "Annie's Missy" had been sold to and purchased by the defendants, Lowell E. Jay and Francis Jay.

The uncontradicted testimony was, and the court so concludes, that the plaintiff never consented to or authorized, either expressly or impliedly, the selling of his property ("Annie's Missy"), and that the alleged sale and transfer of title to the defendants (Jay) by the defendant Paul Beene on September 26, 1975, was without his knowledge or approval.

On September 26, 1975, in addition to defendant, Paul Beene, receiving $100 from defendant, Francis Jay, defendant Paul Beene delivered to defendant Francis Jay a piece of paper which, in pertinent part, read as follows —

> "Sept. 26, 1975. Sold one . . . mare 10 years old
> . . . name Missey, received $500.00 *Paul Beene*"

Subsequent to the day aforesaid, defendant Francis Jay paid an additional $400 by check representing the balance allegedly due and owing to defendant Paul Beene in order to complete the "transaction" between the parties.

Prior to the issuance of the two checks aforesaid, and more particularly, on August 27, 1976, defendant Lowell E. Jay paid defendant's daughter, Corrine Beene, $200 representing a stud fee relating to "Annie's Missy."

When plaintiff, Raymond W. Trader, confronted defendant Paul Beene regarding the activities involving the "selling" of his horse, defendant Beene advised that he would leave his checks from defendants Jay in order to compensate plaintiff for the value of the property.

Prior to the issuance of an order for prejudgment writ of replevin, issued February 23, 1977, the plaintiff did not receive any remuneration for the "sale" of the horse nor did he have custody of said animal.

### Conclusions of law

The facts as adduced at the trial, although not particularly complex, involve legal interpretation of various sections of the Uniform Commercial Code, Chapter 672, Florida Statutes.

Initially, "Annie's Missy" clearly falls within the definition of "goods" as set forth in Florida Statute 672.105 which defines 'goods" to mean all things which are movable at the time of identification to the contract for sale.

For the reasons to be set forth below, the court concludes that a "sale," as defined in Florida Statute 672.106, did not take place between defendant Beene and defendant Jay because valid title did not pass from the seller (defendant Beene) to the buyer (defendant Jay) for a price ($500).

The defendants (Jay) can be classified as being buyers in the ordinary course of business, as that phrase is defined in Florida Statute 671.201(9), meaning persons who in good faith and without knowledge that the sale to them is in violation of ownership rights or security interest of a third party (plaintiff) in the goods thereafter buys, in the ordinary course, from a person (defendant Beene) in the business of selling goods of that kind.

The court also concludes that defendant, Paul Beene, was a "merchant" as that term is defined in Florida Statute 672.104(1), in that he was a person who dealt in goods of a kind (horses) or otherwise by his occupation held himself out as having knowledge or skills peculiar to the practices or goods involved in the transaction.

The pivotal section of the Uniform Commercial Code involved in the case at bar is Florida Statute 672.403 which, in pertinent part, provides as follows —

> A purchaser of goods acquires *all title* which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with *voidable title* has power to transfer a good title to a good faith purchaser for value. F.S. 672.403 (1) (emphasis added)

> Any entrusting of possession of goods to a merchant who deals in goods of that kind *gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.* F.S. 672.403 (2) (emphasis added)

> Entrusting includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery . . . F.S. 672.403 (3).

The court concludes, as a matter of law, that the plaintiff did not "entrust" the property in question to the "merchant" (defendant Paul Beene), and, as a result thereof, the defendant did not have power to transfer all rights of the plaintiff to the buyers in ordinary course of business, to wit: defendants (Jay).

It is clear, and the court concludes, that defendant Paul Beene converted the property of the plaintiff, the result of which tortious conduct negated the provisions of F.S. 672.403.

Conversion is defined as an act of dominion wrongfully asserted over another's property inconsistent with his ownership of it. *Belford Trucking Co. v. Zagar's,* 243 So.2d 646 (Fla. 4th DCA 1971).

In order to have conversion, a necessary element that must exist is that there be a wrongful deprivation of the owner of his property. *Goodrich v. Malowney,* 157 So.2d 829 (Fla. 2nd DCA 1963).

The testimony adduced at the trial did not create an agency relationship between the plaintiff and defendant Beene, either express, implied or apparent. Neither was a bailment relationship created between the plaintiff and defendant Beene.

The intentional and voluntary act on the part of defendant Beene to appropriate to his use the property in question caused said defendant to act in derogation of the plaintiff's possessory rights to the property and, in addition thereto, the court finds that the actions on the part of the defendant Beene constituted a wrongful exercise or assumption of authority over said property of plaintiff depriving the plaintiff of a permanent possession to which he was entitled.

For the reasons stated above, it is ordered and adjudged — (1) that the plaintiff is awarded possession of the horse named "Annie's Missy," (2) that the surety which posted a bond in the amount of $1,600 is released, and (3) that the plaintiff recover the costs of suit from the designated defendants in the amount of $58, for which let execution issue.