DELL, Judge.
Anchor Savings Bank appeals from a final judgment which denied its claim for unjust enrichment resulting from a double payment of interest on a certificate of deposit.
*676 Briefly stated, appellant issued a certificate of deposit to appellee, Bertha Berlin (Berlin), who in turn assigned the certificate to appellee, Bank of Florida in St. Petersburg (Bank of Florida). Berlin made the assignment to secure a loan made by the Bank of Florida to her son’s corporation, Berneil Associates, Inc. Appellant continued paying interest on the certificate to Berlin’s passbook account.
Approximately twenty months later, Ber-neil Associates, Inc. defaulted on its loan. The Bank of Florida delivered a collection notice wherein it demanded the balance of the certificate of deposit plus accrued interest. Appellant discovered it had already paid interest on the account to Berlin, but relying on the assignment and the collection notice sent by Bank of Florida, it honored the collection notice and paid the proceeds of the certificate plus accrued interest. This payment resulted in a second payment of interest.
Appellant filed suit against Berlin and the Bank of Florida claiming that its double payment of interest unjustly enriched either Berlin or the Bank of Florida. Berlin and the Bank of Florida cross-claimed against each other and the Bank of Florida counterclaimed against appellant. After a nonjury trial, the court denied the claims for relief.[1]
Appellant contends here, as it did in the trial court, that its double payment of interest resulted in unjust enrichment to one of the recipients and that it is entitled to equitable relief. We agree.
Appellant argues that it inadvertently paid interest to Berlin and that it made the second payment of interest to the Bank of Florida in accordance with the assignment and collection notice. Berlin asserts she properly received the interest based on an agreement between her and the Bank of Florida that she would continue to receive the interest from the certificate while it was pledged to secure her son’s loan. The Bank of Florida denies this agreement and relies on the documents to establish its entitlement to the interest payment.
We have reviewed the documents evidencing the debt, the assignment and the collection notice. The plain language of the documents required appellant to pay the proceeds of the certificate together with interest to the Bank of Florida. Therefore, the trial court properly concluded that as to the claims and counterclaims between appellant and the Bank of Florida, neither party should recover from the other.
Turning to appellant’s claim against Berlin, we must conclude that the trial court erred in failing to grant appellant equitable relief. There is no question that Berlin received interest payments after the delivery of the assignment to the Bank of Florida, and that the documents demonstrate the Bank of Florida’s entitlement to the interest accruing from that date. Further, the record supports appellant’s contention that it inadvertently paid interest to Berlin. It is well settled that
[wjhen the fact is proved that one has money received from another, if the recipient cannot show a legal and equitable ground for retaining it, the law creates the privity and promise necessary to sustain the action for money had and received. And it is settled that money paid under a mistake of facts may be so recovered, it being considered unconscionable that money so paid should be detained from the payor on his discovery of the mistake and demand for the money’s return.
Ferguson v. Cotler, 382 So.2d 1315, 1316 (Fla. 5th DCA 1980).
Accordingly, we hold the trial court erred when it entered judgment in favor of Berlin and against appellant.' However, neither this holding nor the final judgment resolves the issues set forth in Berlin’s cross-claim against the Bank of Florida. Therefore, we reverse and remand this case with *677 instructions to enter judgment in favor of appellant and against Berlin for the amount of interest paid to her from the date of the assignment, and to determine the merit, if any, of her cross-claim against the Bank of Florida.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
BERANEK and WALDEN, JJ., concur.

. However, we note that neither the final judgment nor the record reflects a disposition of Berlin’s cross-claim against the Bank of Florida.