HURLEY, Judge.
R.J. Pavlik appeals from an order awarding him attorney’s fees pursuant to *639 Section 713.29, Florida Statutes (1983),[1] as the prevailing party in a mechanics’ lien foreclosure action. The trial court awarded $6,500, the amount Mr. Pavlik was obligated to pay his attorney pursuant to their fee agreement. On appeal, Mr. Pavlik contends that the trial court abused its discretion by limiting the award to $6,500. He claims he is entitled to recover a “reasonable fee” under section 713.29 and unrebut-ted expert testimony at the fee hearing indicated that a reasonable fee for the services performed by his attorney would range between $11,000 and $13,000. Although the trial court was not bound to accept the experts’ testimony, we agree that the court erred in computing the attorney’s fee award solely by reference to the contractual agreement between Mr. Pavlik and his attorney. Therefore, we reverse.
The trial court felt constrained to limit Mr. Pavlik’s attorney’s fee award to his actual expense because of several cases cited by the plaintiff/appellee. Among those cases was Trustees of Cameron-Brown Investment Group v. Tavormina, 385 So.2d 728 (Fla. 3d DCA 1980), where the Third District held that lenders in a foreclosure action were only entitled to recover attorney’s fees in the amount they actually paid, despite a provision in the contract between the parties under which the debtor agreed to pay “all costs of collection, including a reasonable attorney’s fee.” In Cameron-Brown, the actual attorney's fee was less than $25,000, while expert testimony at trial suggested that a reasonable fee might exceed $100,000. We do not find Cameron-Brown controlling here, however, since the holding in that decision was confined to cases involving enforcement of contractual provisions authorizing recovery of reasonable attorney’s fees. The court expressly exempted from its consideration “the awarding of fees by statutory authority which embodies public policy considerations not pertinent hereto.” 385 So.2d at 731.
Where the legislature has mandated a reasonable attorney’s fee to promote a public policy, a fee arrangement between a party and his counsel should not be binding on the trial court in its determination of what constitutes a reasonable fee. Indeed, the Supreme Court announced this view in Bosem v. Bosem, 279 So.2d 863 (Fla.1973), a case involving an award of attorney’s fees in a dissolution action. There, the court held that the wife’s attorney was statutorily entitled to recovery of a reasonable attorney’s fee from the husband, even though the amount exceeded the sum due under the agreement with her attorney.
In the case at bar, Mr. Pavlik presented expert testimony indicating that a reasonable fee for services rendered by his attorney was about twice the amount due under his agreement with counsel. Since we have concluded that Bosem governs by analogy, we hold that an evaluation of “reasonable” attorney’s fees under section 713.29, Florida Statutes (1983), must not be determined solely by the terms of the fee arrangement between a party and his counsel. Rather, the trial court must take into account the factors set forth in the Florida Code of Professional Responsibility, DR 2-106.[2] A fee agreement may *640 be relevant but it cannot be the sole conclusive factor in the court’s fee determination. To hold otherwise would often provide a windfall to parties responsible for payment of attorney’s fees by statute, since an attorney may agree to provide legal services at no cost to his client for a variety of reasons, or he may contract for a fee which is far less than adequate because he misjudged the complexity of the case and underestimated the time likely to be consumed. Such a result would defeat the purposes underlying statutory authorization of attorney fee awards; we therefore decline to. adopt a view of section 713.29 under which the term' “reasonable” might be dictated by pre-existing fee arrangements between a party and his counsel.
Accordingly, we reverse the order and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GLICKSTEIN, J., concurs specially with opinion.
DELL, J., dissents without opinion.

. Section 713.29, Florida Statutes (1983), provides:
Attorney’s fees. — In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.

. DR 2-106(B) provides:
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
*640 (4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client. (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.