464 So.2d 602 (1985)
Lawrence H. SCHIMMEL and Lawrence H. Schimmel, P.A., and Lois H. Schimmel, Appellants,
v.
MERRILL LYNCH PIERCE FENNER & SMITH, INC., Appellee.
No. 83-2775.
District Court of Appeal of Florida, Third District.
February 26, 1985.
*603 Horton, Perse & Ginsberg and Edward Perse, Miami, for appellants.
Dennis G. King, Ruden, Barnett, McClosky, Schuster & Russell; Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, Miami, for appellee.
Before BARKDULL and HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
The post-trial order under review is affirmed insofar as it grants a renewed motion for directed verdict made at trial by the plaintiff [Merrill Lynch Pierce Fenner & Smith, Inc.] on its main claim against the defendants [Lawrence H. Schimmel, Lawrence H. Schimmel, P.A., Lois Schimmel] and enters judgment for the said plaintiff in the amount of $4,500. We agree entirely with the reasons given by the trial court in the order under review for granting this motion and for entering judgment for the plaintiff thereon:
"1. On the plaintiff's claim against the defendants, the plaintiff's undisputed evidence demonstrates that Dr. Schimmel withdrew $4,500.00 from his P.A.'s `ready asset' account with the plaintiff in November, 1980. The check was made payable to Dr. Schimmel, individually, and was negotiated by him. The account was debited in that amount, leaving a balance of $9,763.00. In December, 1980, Dr. Schimmel withdrew an additional $4,500.00 from the account. The check was made payable to Dr. Schimmel, individually, and was negotiated by him. Because of an apparent bookkeeping error, the account was not debited for the second withdrawal, and Dr. Schimmel received a December statement reflecting a balance of $9,838.00 in the account (which represented the ending balance in November plus earnings on that balance). He then withdrew this amount in its entirety from the account. When the plaintiff subsequently discovered its bookkeeping error, it demanded that the $4,500.00 overpayment be returned. Dr. Schimmel refused. Dr. Schimmel offered no evidence at trial to contradict this evidence, or any evidence which tended to prove that he or his P.A. were entitled at any time to the total amount withdrawn in November and December. Instead, he testified only that he relied on the statements received from the plaintiff to determine the amount he was owed. Because the uncontradicted evidence proves that the December, 1980, statement was in error, this testimony was insufficient to present a jury question on the amount owing to the plaintiff. At the close of the evidence, the Court reserved ruling on the plaintiff's motion for directed verdict by denying the motion in accordance with Rule 1.480(b), in order to allow the jury to return a verdict which might obviate the need for a ruling *604 on the motion. Because the undisputed evidence proves that the defendants owe the plaintiff $4,500.00, and because there is no competent evidence in the record to support the jury's finding that the defendants were not overpaid in that amount, it is the Court's legal obligation at this time to grant the plaintiff's renewed motion for directed verdict on its claim against the defendants, and enter judgment in the plaintiff's favor in the amount of $4,500.00. Judgment against Dr. Schimmel in his individual capacity is appropriate, because he received the overpayment in that capacity."
R. 178-79 (footnote omitted).
Given the trial court's correct factual statement of this case, a directed verdict for the plaintiff on its claim below was legally required. Anchor Savings Bank v. Berlin, 445 So.2d 675 (Fla. 4th DCA 1984).
The post-trial order under review is also affirmed insofar as it grants a renewed motion for directed verdict made at trial by the plaintiff on the defendants' counterclaim and enters judgment in favor of the said defendants in the amount of $10.88. We agree entirely with the reasons given by the trial court for reaching this result:
"2. On the Schimmels' counterclaim against the plaintiff, the evidence is also not in dispute. It reflects that Dr. and Mrs. Schimmel had a second account with the plaintiff; that Dr. Schimmel requested that the account be liquidated and a check be paid to them; and that the plaintiff declined to do so, believing that it was entitled to withhold the check as an offset to the $4,500.00 owed it by Dr. Schimmel and his P.A. Although the parties were originally of the belief that the account balance was $779.00, as reflected by the statements provided the Schimmels by the plaintiff, it was proven at trial without dispute that all but $10.88 of that amount was the result of another bookkeeping error. Dr. and Mrs. Schimmel offered no evidence at trial to contradict this evidence, or any evidence which tended to prove that they were entitled at any time to an amount in excess of $10.88. Instead, once again, Dr. Schimmel testified only that he relied on the statements received from the plaintiff to determine the amount he was owed. Because the uncontradicted evidence proves that the statements were in error, and that the total balance in the Schimmels' account was only $10.88, this testimony was insufficient to present a jury question on the amount which the plaintiff owed Dr. and Mrs. Schimmel. At the close of the evidence, the plaintiff moved the Court to direct the jury to return a verdict for the Schimmels in the amount of $10.88, on the ground that the evidence proved a breach of contract resulting in that amount of damages. The Court reserved ruling on the plaintiff's motion by denying it in accordance with Rule 1.480(b), in order to allow the jury to return a verdict which might obviate the need for a ruling on the motion. Because the undisputed evidence proves that the plaintiff owes Dr. and Mrs. Schimmel $10.88, and because there is no competent evidence in the record to support the jury's finding that the plaintiff owes them $779.00, it is the Court's legal obligation at this time to grant the plaintiff's renewed motion for directed verdict on the Schimmels' claim against it, and enter judgment in the Schimmels' favor in the amount of $10.88.
... 3. The plaintiff is entitled to judgment on the Schimmels' claim for punitive damages for two separate reasons:
a. First, the evidence adduced on the Schimmels' counterclaim does not support an action for conversion. The Schimmels' counterclaim alleged the conversion of a check. The Schimmels never obtained possession of the check, however. Absent possession of the check by the Schimmels, the check could not legally be `converted' by the plaintiff. See City National Bank v. Wernick, 368 So.2d 934 (Fla. 3d DCA), cert. denied, 378 So.2d 350 (Fla. 1979). In addition, the evidence adduced proves, at most, only an action for breach of contract, because *605 all that it proves is that the plaintiff failed to honor its contractual obligation to pay upon demand money owed upon an open account. An indebtedness which may be discharged by the payment of money in general cannot support an action for conversion. See, e.g., Belford Trucking Co. v. Zagar, 243 So.2d 646 (Fla. 4th DCA 1970). The Court is also not persuaded that a different result is required by Aero International Corp. v. Florida National Bank of Miami, 437 So.2d 156 (Fla. 3d DCA 1983) [pet. for review denied, 449 So.2d 264 (Fla. 1984)], because the object of the conversion in that case was, as the District Court made clear, a specific fund capable of separate identification which was required to be deposited in another account. In this case, however, the plaintiff was not required to pay the Schimmels identical monies collected by it; it could discharge its obligation to the Schimmels by the payment of money generally; and the general rule of BELFORD TRUCKING therefore applies.
b. Second, the law appears to be settled that punitive damages are not recoverable for the type of breach of contract involved in this case absent proof of a tort `distinguishable from or independent of [the] breach of contract.' Lewis v. Guthartz, 428 So.2d 222, 224 (Fla. 1982). See Southern Bell Tel[ephone] & Tel[egraph] Co. v. Hanft, 436 So.2d 40, 41 (Fla. 1983) (`In order for punitive damages to be recoverable in [a breach of contract] case, the breach of contract must be attended by some additional wrongful conduct amounting to an independent tort.'); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3d DCA [1981]), dismissed, 415 So.2d 1359 (Fla. 1982); Overseas Equipment Co., Inc. v. Aceros Arquitectonicos, 374 So.2d 537 (Fla. 3d DCA 1979); Mobil Chemical Co. v. Hawkins, 440 So.2d 378 (Fla. 1st DCA 1983) (1983 FLW DCA 2272) [,pet. for review denied, 449 So.2d 264 (Fla. 1984)]. In this case, all that the Schimmels proved is that the plaintiff breached its contract with them by refusing to pay upon demand money owed to them; they did not prove the commission of any tort `distinguishable from or independent of' this simple breach of contract; and, for both of the reasons expressed in this paragraph, the Court has a legal obligation to grant the plaintiff's renewed motion for directed verdict on the Schimmels' claim for punitive damages."
R. 179-81 (footnotes omitted).
The balance of the trial court order under review is, by its own terms, mooted by our affirmance of the above-stated trial court rulings, and, accordingly, we do not pass on any of the mooted rulings.
Affirmed as stated above.