468 So.2d 534 (1985)
CAPITAL BANK, Appellant/Cross Appellee,
v.
G & J INVESTMENTS CORPORATION, a Florida Corporation, Appellee/Cross Appellant.
No. 83-3038.
District Court of Appeal of Florida, Third District.
May 14, 1985.
*535 Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and David M. Wells, Miami, for appellant/cross appellee.
R. Stuart Huff, Coral Gables, for appellee/cross appellant.
Before NESBITT, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiff, G & J Investments Corp. [G & J], commenced this action against Capital Bank on a complaint for conversion and breach of an oral contract. This appeal is brought from a judgment entered for plaintiff on a $35,600 jury verdict, plus interest and costs.
We agree with G & J that the facts essentially made for a jury question on the count alleging breach of contract. The critical factual question is whether the bank accepted an instrument presented for payment, thus becoming liable on the instrument, before receipt of a stop payment order from the depositor. See Tepper v. Citizens Federal Savings & Loan Association, 448 So.2d 1138, 1140 (Fla. 3d DCA 1984).
A new trial is required nevertheless because the court abused its discretion in permitting G & J to put on an expert witness, as part of its case-in-chief, who had not been disclosed to Capital Bank pursuant to the pretrial order. Without the expert testimony, G & J's proof as to the order of events  that acceptance of the instrument for payment preceded the stop payment acknowledgement  was based on circumstantial evidence. The expert witness, a handwriting analyst, concluded that the acceptance preceded the stop payment, based on microscopic examination of the checks using side lighting, reflected lighting, transmitted lighting, and spectrum reflective lighting. The record supports Capital Bank's contention that it was unprepared to cross examine the witness. Where a party is prejudiced by the testimony of an undisclosed expert, reversal is required. Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981). The requisite prejudice in such cases does not depend upon proof that the testimony was adverse in nature, but only that the objecting party was surprised in fact. Id. at 1314. It is equally clear from the record that Capital Bank was without the ability to cure the prejudice, and that G & J's noncompliance with the pretrial order was not in good faith. We have repeatedly condemned such "ambush" tactics.
Since a new trial is in order, we address Capital Bank's third point on appeal. A directed verdict should have been granted on the count for conversion.
A mere obligation to pay money may not be enforced by an action for conversion. Douglas v. Braman Porsche Audi, Inc., 451 So.2d 1038 (Fla. 3d DCA 1984); Belford Trucking Co. v. Zagar, 243 So.2d 646 (Fla. 4th DCA 1970). Neither the pleadings nor the proof described or otherwise identified specific money so as to make a conversion action proper. To the contrary, it is clear from the pleadings and proof that G & J was seeking to enforce an oral contract by terms of which Capital Bank obligated itself to pay money generally.
We affirm the cross appeal from the order directing a verdict for Capital Bank on the claim for punitive damages. Punitive damages are not recoverable in a breach of contract action absent an accompanying independent tort. Lewis v. Guthartz, 428 So.2d 222 (Fla. 1982); Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957). Our determination here that conversion does not lie leaves no independent *536 tort upon which to base a punitive damage award.
Reversed and remanded with instructions to enter a judgment for Capital Bank on the claim for conversion and to grant a new trial on the count for breach of contract. The judgment on the cross appeal is affirmed.