486 So.2d 623 (1986)
Murray ROSEN, Appellant,
v.
Kenneth MARLIN, Appellee.
Nos. 84-2650, 85-641.
District Court of Appeal of Florida, Third District.
March 11, 1986.
Rehearing Denied April 23, 1986.
*624 Lapidus, Stettin & Frankel and Robert Frankel, Miami, for appellant.
Buchbinder & Elegant and Harris Buchbinder and Carolina A. Echarte, Miami, for appellee.
Before BARKDULL, HUBBARD and FERGUSON, JJ.
BARKDULL, Judge.
The appellant, Rosen, appeals two final judgments (entered nonjury) rendered in an action based on breach of contract, civil theft, and conversion. The first judgment in favor of plaintiff-appellee, Marlin, awarded him certain sums and denied defendant's counterclaim for partition. The second judgment awarded appellee attorney's fees.
The two parties became partners in a joint venture to develop a shopping center. Rosen put up money (not to exceed $780,000) and Marlin put up a leasehold estate and was responsible for rezoning, development, leasing, and managing the center. Approximately two years after completion a purchaser was found for the shopping center. As a condition to the closing, the parties had to provide fee simple title to the purchaser. The joint venture acquired such title[1] (from the then fee owners, the McKenzies) and sold the center for $3,000,000, with approximately $1,450,000 being paid in cash and the balance secured by a purchase money note and mortgage. The proceeds from this sale were transferred to Rosen. He paid the monthly obligation to the vendors of the property and sent one-half of the balance to Marlin. Thereafter, several accountants reviewed Rosen's books to determine an amount owing to Marlin.[2] Nobody could agree on this sum. Marlin made numerous trips to New York to confer with Rosen about discrepancies. Finally Marlin filed suit, alleging breach of contract and fraud. An amended complaint added a count seeking treble damages for theft of the purchase money note payments.[3] Rosen began to deposit these payments into the registry of the court. The trial judge awarded Marlin $138,704.82, then trebled that amount, together with interest thereon, and dismissed Rosen's counterclaim for partition. He subsequently awarded Marlin $80,000 in attorney's fees. These appeals followed.
We hold that recovery of damages for breach of contract will not support a trebling of such damages pursuant to the provisions of Sec. 812.035(7), Florida Statutes (Supp. 1984), that such trebling is only warranted when there is no contractual relationship between the parties. Section 812.035(7)[4] is clearly a departure from common *625 law which proscribes a penalty[5] which did not exist at common law and should be strictly construed and limited in its application. Nell v. State, 277 So.2d 1 (Fla. 1973).
The evidence was unrefuted that before the lawsuit was filed, Marlin and Rosen disagreed on the amount owed. During the course of the lawsuit, Marlin claimed that he was owed approximately $193,000 in principal, not including management fees. In the final judgment, the court found that Marlin was owed $138,704.82 pursuant to the contract. A dispute between two persons over the amount of money that one person is owed does not become a crime of theft which is actionable under Section 812.035(7), Florida Statutes (Supp. 1984). A claim for breach of contract to pay money which is not specifically identifiable cannot be the subject of conversion or theft allowing for the assessment of treble damages. Capital Bank v. G & J Investments Corporation, 468 So.2d 534 (Fla. 3d DCA 1985); Plotch v. Gregory, 463 So.2d 432 (Fla. 4th DCA 1985); Belford Trucking Co., Inc. v. Zagar, 243 So.2d 646 (Fla. 4th DCA 1971); Advanced Surgical Technologies, Inc. v. Automated Industries, Inc., 777 F.2d 1504 (11th Cir.1985). Neither the statute nor case law construing the statute provide for the assessment of treble damages for compensatory damages arising from a breach of contract to pay money. While fraud was pled, no finding of fraud was made. Under Florida law, a necessary element for establishing the crime of theft is that the defendant had, prior to the commission of the act, an intent to commit a theft. Hurd v. State, 440 So.2d 691 (Fla. 1st DCA 1983); State v. Dunmann, 427 So.2d 166 (Fla. 1983); Section 812.014, Florida Statutes (1983).
A co-owner of a joint bank account cannot be guilty of the theft of funds taken from the account since the co-owner is in lawful possession of the joint property, Hinkle v. State, 355 So.2d 465 (Fla. 3d DCA 1978) cert. dism., 359 So.2d 1220 (Fla. 1978). Here, both parties were signatory to the joint venture bank accounts. They both had the right to control the funds. The closing proceeds were paid to Rosen. The closing expenses were paid by Rosen. All remaining monies were taken by Rosen with Marlin's consent and knowledge. Accountants analyzed the books to determine the expenses of the venture, the contributions of the defendant, and the amount necessary to equalize the draws. It took forty hours of accounting time to determine the exact figures. There was no theft of any money as a matter of law. Hinkle v. State, supra. Under the undisputed facts, there was no theft. Crawford v. State, 453 So.2d 1139 (Fla. 2d DCA 1984); Adams v. State, 443 So.2d 1003 (Fla. 2d DCA 1983); Martin v. State, 379 So.2d 179 (Fla. 1st DCA 1980); Ricard v. State, 181 So.2d 677 (Fla.3d DCA 1966). The trial court found that Rosen's refusal to pay monies determined to be due and owing in accordance with the partnership agreement constituted conversion and theft. As a matter of law, no conversion occurred. In Belford Trucking Co., Inc. v. Zagar, supra, the court held:
"[A] mere obligation to pay money may not be enforced by a conversion action (citations omitted); an action in tort is inappropriate where the basis of the suit is contract, either express or implied."
A debt which may be discharged by the payment of money in general cannot form the basis of a claim for conversion. Capital Bank v. G & J Investment Corporation, supra; Schimmel v. Merrill Lynch Pierce Fenner & Smith, Inc., 464 So.2d 602 (Fla.3d DCA 1985); Plotch v. Gregory, supra; Douglas v. Braman Porsche Audi, Inc., 451 So.2d 1038 (Fla.3d DCA 1984).
This is not a case where a party intentionally received a specifically identifiable sum of money knowing that he had no right to take it and who refused to give it back as was the case in Senfeld v. Bank of Nova Scotia Trust Company Cayman, *626 Ltd., 450 So.2d 1157 (Fla.3d DCA 1984). This is not a case where a party refused to pay over to the demanding party a specific fund capable of separate identification required to be deposited into a special account as was the case in Aero International Corp. v. Florida National Bank of Miami, 437 So.2d 156 (Fla.3d DCA 1983) pet. for rev. den., 449 So.2d 264 (Fla. 1984). A breach of contract to pay money in general does not constitute conversion under the law of Florida. Douglas v. Braman Porsche Audi, Inc., supra.
The trial court found no separate compensatory damages stemming from a conversion or theft apart from the $138,704.82 found to be due and owing as payment pursuant to the contract and the claim for breach of contract contained in count I. Accordingly, the finding of an independent tort cannot stand as a matter of law. Overseas Equipment Company, Inc. v. AcerosArquitectonicos, 374 So.2d 537 (Fla.3d DCA 1979).
Where the compensatory damages requested in a count for tort are identical to the compensatory damages sought in a count for breach of contract, compensatory damages and punitive damages for the tort are not recoverable. Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla.3d DCA 1981), cert. dism.'d, 415 So.2d 1359 (Fla. 1982); Schimmel, supra.
Punitive damages are not recoverable for breach of contract, notwithstanding the oppressive nature of the breach. Waltman v. Prime Motor Inns, Inc., 446 So.2d 185 (Fla.3d DCA 1984); Mobile Chemical Company, A Division of Mobil Corporation v. Hawkins, 440 So.2d 378 (Fla. 1st DCA 1983), rev. den., 449 So.2d 264 (Fla. 1984); Guthartz v. Lewis, 408 So.2d 600 (Fla. 3d DCA 1981), aff'd, 428 So.2d 222 (Fla. 1983). In Waltman, one co-joint adventurer sued another co-joint adventurer for compensatory and punitive damages for failure to distribute a rightful share of the proceeds resulting from a sale of a joint venture asset. The trial court directed a verdict in favor of the defendant on the punitive damage claim for conversion. The jury returned a verdict for the plaintiffs' share of the proceeds. The trial court granted a new trial. The appellate court reversed and reinstated the jury verdict, but affirmed the directed verdict on the punitive damage claim. In the case at bar, the trial court trebled the compensatory damages due and owing on the breach of contract claim. This was error.[6] Even if *627 trebling would be permitted when damages are recovered from a contracting party, they should not be warranted when the amount is in dispute. Advanced Surgical Technologies, Inc. v. Automated Instruments, Inc., supra.
The appellee relies on the following authorities to support the trebling of the damage award, which we find not to be applicable under the facts in the instant record. Senfeld v. Bank of Nova Scotia Trust Company (Cayman), Limited, supra, (trust company brought civil suit pursuant to the theft statute against corporation president who had erroneously received $10,000 from trust company which managed corporation's account); Aero International Corporation v. Florida National Bank of Miami, 437 So.2d 156 (Fla.3d DCA 1983) (action brought against bank for converting funds entrusted to it under escrow agreement); Restivo v. Anderson & Anderson, P.A., 453 So.2d 1167 (Fla. 4th DCA 1984) (client entitled to sum held in trust by attorneys which was not in dispute and retention of said amount was a conversion).
The attorney's fees having been awarded pursuant to the provisions of Sec. 812.035(7), Fla. Stat. (1984), and we having found that said section and recovery thereunder was not warranted, the attorney's fee award must fall. R.J. Pavlik v. Acousti Engineering Company of Florida, 448 So.2d 638 (Fla. 4th DCA 1984); Trustees of Cameron-Brown Investment Group v. Tavormina, 385 So.2d 728 (Fla.3d DCA 1980).
The trial court refused, in the exercise of its discretion, to require the partition of the purchase money promissory note received by the parties. We affirm this exercise of discretion, because to do otherwise could substantially affect the income tax liability of the nonconsenting party. The record demonstrates that this action on the part of Rosen, in demanding partition, was a vindictive act, particularly in light of the fact that if a partition was ordered it would have to be for an all cash sale to prevent Rosen from continuing to file partition suits if the court should approve an installment sale as is authorized under Sec. 64.071, Fla. Stat. (1983). When the shopping center was sold, the parties accepted, as part payment, a purchase money note and mortgage in the sum of $1,461,750. Rosen received the monthly payment of $17,125 and paid the McKenzie obligation and distributed approximately $7,125 per month to himself and to Marlin. When Rosen threatened to discontinue *628 these payments, Marlin contacted the mortgagor and asked that the payments be divided and paid separately. The McKenzies did not object to such procedure, but Rosen objected. Had Rosen seriously desired a division or a partition of these assets, this was available without judicial proceedings. As aforesaid such a sale would result in a loss of the tax advantage of an installment sale. The sale would result in the loss of the profit or advantage the parties were receiving in the differential in the interest rate paid to McKenzie of 9-10%, as opposed to the higher interest rate of 13% received from their purchaser. Therefore, considering all the circumstances, we find no abuse of discretion in denying partition under the facts of this cause.
In light of the above we affirm the damage award of $138,704.82, we affirm the award of interest on said amount and we reverse that portion trebling the damage award and the award of attorney's fees and we affirm the denial of partition.
Affirmed in part, reversed in part.
NOTES
[1] The title was acquired for $400,000. $80,000 was paid in cash and there were notes totaling $320,000 payable monthly.
[2] The parties had agreed that the appellant would receive the return of the cash he had advanced and after they had equalized their draws, they would split the balance.
[3] In the amended complaint, there is no claim for treble damages contained in Count I relating to breach of contract nor in Count II relating to fraud. However, Count III, relating to conversion of the purchase money note payment, realleged the allegations of Count I (except for the prayer for relief) and demanded treble damages. It was argued that, in fact, such a pleading does not make a claim for treble damages under Count I, but for the purposes of this opinion we will consider that treble damages were demanded for the breach of contract, without deciding the question. See and compare Getelman v. Levey, 481 So.2d 1236 (Fla.3d DCA 1986).
[4] Chapter 812 Fla. Stat. (1984 Supp.)

812.035 Civil Remedies: limitation on civil and criminal actions.
(7) Any person who is injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037 or s. 812.081 has a cause of action for three-fold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200. Such person shall also recover court costs and reasonable attorneys' fees in the trial and appellate courts.
[5] McArthur Dairy, Inc. v. Original Kielbs, Inc., and Tejeda, 481 So.2d 535 (Fla. 3d DCA, 1986).
[6] See and compare recent decision of the 11th U.S.Cir.Ct. of Appeal in Advanced Surgical Technologies, Inc. v. Automated Instruments, Inc., supra, wherein the court said, in part, in construing Florida law:

"Automated thereafter sued Advanced in state court for damages it had sustained as the result of Advanced's breaches of their contract terminating the distributorship. Advanced promptly removed the action to the United States District Court for the Southern District of Florida and filed a counterclaim for the $4,924.25 Automated allegedly owed it. After a non-jury trial, the district judge concluded that Advanced had breached its contract with Automated and Automated had incurred $72,100.00 in damages. The district judge also concluded that Advanced's actions amounted to theft under Fla. Stat. § 812.014 (1983) and trebled the damages pursuant to Fla. Stat. § 812.035(7) (Supp. 1984). The court further found that Advanced had maliciously converted Automated's property and stated that had it not awarded Automated treble damages it would have awarded it substantial punitive damages. The court rejected Automated's claim that Advanced's conduct amounted to fraud because it was not shown that Advanced entered into the agreement with the intent to deceive Automated and not to perform under the contract.
There is no question that Advanced breached its contract with Automated. The main issue before us is whether Advanced's conduct also amounted to theft as defined by § 812.014.
(1) Without holding that conduct amounting to a breach of contract can never constitute theft, we conclude that on the facts of this case Advanced did not violate § 812.014. Automated's claim to any proceeds generated by the sale of the lasers arose from its contract with Advanced. Advanced's failure to abide by that contract constituted a breach entitling Automated to compensatory damages; it did not constitute theft.
Automated cites no case holding that a simple breach of contract is the equivalent of theft under § 812.014. In fact, American International Realty, Inc. v. Southeast First National Bank, 468 So.2d 383 (Fla. Dist. Ct. App. 1985), holds to the contrary. There, a bank customer wrote a check on an account in which there were insufficient funds, thereby creating an overdraft. The bank, pursuant to its contract with the customer, made payment on the check. The customer, in breach of the contract, refused to cover the overdraft, and the bank brought suit. The trial court found that the customer's action violated § 812.014 and awarded treble damages. The district court of appeal reversed, holding that the bank was entitled only to damages for breach of contract. We interpret this case as an indication that § 812.014 does not apply to ordinary breaches of contract such as those involved in the present case. Accordingly, we hold that Advanced did not violate § 812.014; therefore, the court should not have trebled Automated's damages.
(2) The trial judge also found that Advanced converted Automated's property and stated that had he not trebled the damages he would have imposed punitive damages. Florida courts define conversion as `and act of dominion wrongfully asserted over another's property inconsistent with his ownership of it.' Belford Trucking Co. v. Zagar, 243 So.2d 646, 648 (Fla. Dist. Ct. App. 1970). As we have said, we view the facts of this case as establishing an ordinary breach of contract. Without holding that a breach of contract could never give rise to a conversion of property claim, we find that Advanced's actions in this case did not constitute a conversion of Automated's property. Advanced did have possession of monies which were generated from the sales of the two lasers, and under the contract it owed a portion of such proceeds to Automated. However, `a mere obligation to pay money, generally, may not be enforced by a conversion action.' Douglas v. Braman Porsche Audi, Inc., 451 So.2d 1038, 1039 (Fla. Dist. Ct. App. 1984); see also Belford Trucking Co. v. Zagar, 243 So.2d at 649. We consequently find that the district court erred in concluding that Advanced had converted Automated's property.
III
We accordingly reverse the district court's trebling of damages."