COWART, Judge.
Association Financial Services, Inc. (AFS) appeals an adverse final judgment awarding treble damages to appellees Ralph Hewitt, George Lewis, and Albert Jacobson.
AFS’s codefendant below, Allied Gasoline Retailers Association (AGRA),[1] provided service station dealers with health, life, and disability insurance, and other services. AGRA contracted with Hewitt, an insurance agent, to coordinate its various programs, and Hewitt employed six representatives, including Lewis and Jacobson, to service AGRA’s members. Under written employment contracts with AGRA, Lewis and Jacobson sold insurance to AGRA members and received administrative fees and commissions based on their sales and service. Insurance premiums *27 were remitted to AFS, the national service agent of the insurer, and AFS remitted fees and commissions directly to Hewitt, Lewis, and Jacobson. For his services, Hewitt, as general insurance agent, split a fee with AGRA on health insurance and received commission overrides on life and disability policies. AGRA and AFS came to believe and agree they could deal directly without paying Hewitt, Lewis, and Jacobson the compensation they were receiving. AGRA terminated the appellees’ employment, and at AGRA’s direction, AFS remitted to AGRA the fees and commissions which otherwise would have been paid the appellees.
The appellees filed an action against AFS, AGRA, and AGRA’s executive director. The jury found both AGRA and AFS to be guilty of conversion and theft of funds belonging to the appellees, and that AGRA and AFS had interfered with the business relationships between Hewitt and the field representatives, including Lewis and Jacobson. The jury found compensatory damages of $278,463 to Hewitt, $126,309 to Lewis, and $285,205 to Jacobson. The trial court trebled these damages pursuant to section 812.035(7), Florida Statutes (Florida’s Civil Theft Statute) and entered a final judgment against AFS, AGRA, and AGRA’s executive director, jointly and severally.
Under the facts of this case, the evidence is legally insufficient to support the jury’s conversion and civil theft verdicts as to AFS, and those parts of the final judgment are reversed.[2] However, there is substantial competent evidence to support the jury’s specific verdict finding that AFS intentionally interfered with advantageous business relationships of Hewitt and Lewis and Jacobson. Therefore, based on this jury finding and its damages awards, the judgment against AFS of $278,463, $126,-309, and $285,205 awarded to Hewitt, Lewis, and Jacobson, respectively, are affirmed.
As we reverse the civil theft finding against AFS, the appellees’ motion for attorney’s fees on appeal filed pursuant to section 812.035(7), Florida Statutes, is denied.
AFFIRMED IN PART; REVERSED IN PART.
COBB and SHARP, JJ., concur.

. AGRA is not a party to this appeal.

. See, e.g., Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), rev. denied, 494 So.2d 1151 (Fla.1986).