554 So.2d 626 (1989)
NOVA FLIGHT CENTER, INC., Appellant,
v.
William VIEGA and Victor Johnson, Appellees.
No. 89-441.
District Court of Appeal of Florida, Fifth District.
December 28, 1989.
Arthur H. Gehris, III, P.A., Daytona Beach, for appellant.
Jason G. Reynolds of Coble, Barkin, Rothert, Gordon, Morris, Lewis & Reynolds, P.A., Daytona Beach, for appellees.
HARRIS, Judge.
Nova Flight Center, Inc. (Nova) appeals from a judgment on the pleadings holding that a civil theft treble damage suit cannot be maintained if the parties have an underlying contractual relationship. Under the facts of this case, we reverse.
Nova subleased a portion of its facility at Daytona Regional Airport to Eagle Flight Center, Inc. (Eagle) and Aero Supply, Inc. (Aero). Appellees Viega and Johnson were officers and stockholders of both subtenants. The principals of Nova subsequently moved out of state and orally contracted with Eagle to manage and oversee the Nova operation. Eagle was to collect rent and revenue, pay expenses, and remit the remaining proceeds to Nova along with a monthly accounting. The relationship did not go well and Nova sued Eagle for breach of contract. Nova also sued Viega and Johnson for conspiracy to defraud by rewiring electrical lines in order to improperly bill Nova for electricity used by Eagle and Aero and for theft of avionics and engine parts from Nova's aircraft.
The trial court reasoned that all of the alleged improper actions evolved through the various contractual relationships and, relying on the rationale of Rosen v. Marlin, 486 So.2d 623 (Fla. 3rd DCA 1986), rev. denied, 494 So.2d 1151 (Fla. 1986), granted a judgment on the pleadings in favor of appellees on the civil theft count.
It is true that Rosen did hold:
... that recovery of damages for breach of contract will not support a trebling of *627 such damages pursuant to the provisions of Section 812.035(7), Florida Statutes (Supp. 1984), that such trebling is only warranted when there is no contractual relationship between the parties.
Rosen at 624.
In Rosen, however, the claimed damages resulted from an alleged breach of contract.
In the case at bar, the contract was merely incidental. The contract explained how Viega and Johnson obtained access to the premises and property of Nova but it did not contemplate or authorize either the rewiring of the electric lines to provide "free" electricity to Eagle and Aero or the theft of Nova's property. The case at bar is more like Masvidal v. Ochoa, 505 So.2d 555 (Fla. 3rd DCA 1987) where the court held:
Moreover, we are not persuaded by the argument that no civil theft or conversion occurred in this case because there was a contractual relationship between the parties. The evidence shows a classic embezzlement by the defendant of an escrow fund set up under the subscription agreement between the parties. That is, the defendant lawfully obtained possession of the plaintiff's funds to set up the escrow fund and thereafter converted the funds for his own use. This being so, the defendant, by his actions, committed an embezzlement, a civil theft and a conversion as well as a breach of contract ... We do not read Rosen v. Marlin ... to preclude this result because there, unlike this case, the parties had a legitimate contractual dispute over the amount of a debt owed, and no embezzlement whatever occurred in that case.
Masvidal, at 556.
Nova has not alleged merely a case of "civil conversion" (See City of Cars, Inc. v. Simms, 526 So.2d 119 (Fla. 5th DCA 1988) but rather a case of criminal theft under section 812.014, Florida Statutes, 1987. Nova alleged that Johnson and Viega conspired to and did commit theft of its electricity, avionics and engine parts. The fact that there was a sublease of premises and a management agreement in existence when they allegedly committed these clearly criminal acts will not prevent the civil theft treble damage action.
REVERSED and REMANDED.
DANIEL, C.J., and GOSHORN, J., concur.