PER CURIAM.
The appellants sufficiently allege within the four corners of their second amended complaint the elements for fraud, misrepresentation, civil conspiracy and RICO violations. Accordingly, confining our attention to the face of the complaint, this court reverses the trial court’s action dismissing counts one, two, three, four and seven. See §§ 772.103, 772.104, Fla.Stat.; A.S.J. Drugs, Inc. v. Berkowitz, 459 So.2d 348 (Fla. 4th DCA 1984); Donofrio v. Ma- *6 tassini, 503 So.2d 1278 (Fla. 2d DCA 1987). See also H.J., Inc. v. Northwestern Bell Tel. Co., — U.S. -, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); Menasco, Inc. v. Wasserman, 886 F.2d 681 (4th Cir.1989). Cf. 06 State v. Lucas, 15 F.L.W. 961 (Fla. 3d DCA April 10, 1990). In addition, we reverse on the authority of Quality Foods de Centro America, S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F.2d 989 (11th Cir.1983) and Havoco of Am., Ltd. v. Shell Oil Co., 626 F.2d 549 (7th Cir.1980) the trial court’s dismissal of count five for unreasonable restraint of trade under Sections 542.18 and 542.22, Florida Statutes. We find the trial court erred in dismissing appellants’ breach of contract claims based on Evans v. Parker, 440 So.2d 640 (Fla. 1st DCA 1983) and Young v. Field, 548 So.2d 784 (Fla. 4th DCA 1989). Further, we reverse the trial court’s decision to dismiss the second amended complaint for improper joinder on the authority of Florida Rule of Civil Procedure 1.250(a) and Roberts v. Keystone Trucking Co., 259 So.2d 171 (Fla. 4th DCA 1972).
We find no error by the trial court in its dismissal of the appellants’ alter ego claim against appellee, National Development Corporation, based upon Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984) and Steinhardt v. Banks, 511 So.2d 336 (Fla. 4th DCA), rev. denied, 518 So.2d 1273 (Fla.1987). We also affirm the trial court’s order dismissing the civil theft count since the existence of a contractual relationship precludes a civil theft action in the absence of a conversion. See Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), rev. denied, 494 So.2d 1151 (Fla.1986). Cf. O’Donnell v. Arcoiries, Inc., 561 So.2d 344 (Fla. 4th DCA 1990); Masvidal v. Ochoa, 505 So.2d 555 (Fla. 3d DCA 1987); Nova Flight Center, Inc. v. Viega, 554 So.2d 626 (Fla. 5th DCA 1989); Russo v. Heil Constr., Inc., 549 So.2d 676 (Fla. 5th DCA 1989).
WALDEN and STONE, JJ., concur.
LETTS, J., concurs in part and dissents in part with opinion.