608 So.2d 934 (1992)
David RUPP, Appellant,
v.
Michael Rainer SCHON, Appellee.
No. 91-2719.
District Court of Appeal of Florida, Fourth District.
November 18, 1992.
Rehearing or Rehearing Denied December 29, 1992.
Allan L. Hoffman, West Palm Beach, for appellant.
Peter S. Broberg and Sidney Maddock of Coe and Broberg, Palm Beach, for appellee.
Rehearing or Rehearing En Banc Denied December 29, 1992.
WARNER, Judge.
This is an appeal from a final judgment finding that appellant, an individual, "converted to his own use property of the plaintiff that was entrusted to him". Appellant claims that there was no evidence of conversion on his part and that he is being held liable upon a corporate debt. We agree and reverse.
In September of 1985 appellee Schon signed a consignment contract with appellee Rupp's solely owned corporation, Gatsby's Antiques Imports & Collector Cars Inc., to sell Schon's 1964 Mercedes automobile. Rupp represented that he "owned the place", but the contract quite clearly states that it is with Gatsby's. It is signed by David Rupp as president. Rupp gave Schon both his work and home phone to get in touch with him, because Schon was returning to his home in Germany. Schon tried to contact Rupp both at home and work over the next six months without success. In March of 1986 Schon was told by someone at Gatsby's that the car had been sold. Schon sent several letters during the next several months inquiring about the car but with no response.
The car was sold in April 1986 to an individual from the Bahamas. He paid for it by two checks, each made out to and *935 deposited in the Gatsby's account. Neither check was delivered to Rupp, and the sale was actually completed by one of the Gatsby employees, a Mr. Edelson.
Later that month, the inventory and personal property of Gatsby's was sold to another company. Notes for the purchase were payable to Gatsby's, Rupp, and Florida Gas and Oil, Inc., another Rupp corporation. While an investor in the new corporation testified that he saw payments on the note going directly to Rupp, these were checks issued in 1988. The Gatsby corporation remained in good standing, as far as we can tell from the record. There was no testimony as to what happened to the Gatsby account into which the monies paid on the consignment car were deposited, nor was there any testimony that Rupp received any payments for his benefit out of that account. The accountant for Gatsby's testified that Gatsby's did not pay any personal expenses for Rupp and that there was no commingling of funds between Gatsby's and Rupp's other corporate entities.
Given this evidence, there is simply nothing to support the trial court's finding that Rupp individually converted the funds from the sale of the consigned car. A conversion is defined as "an act of dominion inconsistent with his ownership of it." Belford Trucking Co. v. Zagar, 243 So.2d 646, 648 (Fla. 4th DCA 1970). However, an action for conversion of money can only be maintained where the money at issue has been kept separate. Id. at 648. Here there was no obligation to keep separate the monies paid for the car. There was merely an obligation to pay a specified sum to Schon on the sale of the car. "A mere obligation to pay money may not be enforced by a conversion action (citation omitted) and an action in tort is inappropriate where the basis of the suit is a contract, either express or implied." Id. at 648.
A factually similar case is Advanced Surgical Technologies Inc. v. Automated Instruments, Inc., 777 F.2d 1504 (11th Cir.1985). Automated Instruments was a distributor for Advanced Surgical in Florida. The companies made a decision to terminate the distributorship. Advanced still had two laser machines belonging to Automated, and the two agreed that Advanced would sell each one. The parties agreed that the purchasers of the machines would make direct payments to Automated of specified amounts, and Advanced would retain the balance of the purchase price. Despite the agreement, Advanced breached the contract when it sold the machines belonging to Automated and kept the proceeds. The Eleventh Circuit reversed the trial court's finding of conversion by Advanced, holding that the transaction amounted to an ordinary breach of contract. "Advanced did have possession of monies which were generated from the sales of the two lasers, and under the contract it owed a portion of such proceeds to Automated. However, `a mere obligation to pay money, generally, may not be enforced by a conversion action.'" Id. at 1507.
Likewise in this case, at most there is an action for breach of contract against the corporation, and Schon has acquired a judgment against Gatsby's. And if there can be no conversion by the corporation, then clearly there can be no finding of conversion by Rupp.
Appellee argues that the result can be upheld on the theory that the court could pierce the corporate veil to hold Rupp, its sole stockholder, individually liable, but the evidence does not support this approach. See Acquisition Corp. of America v. American Cast Iron Pipe Co., 543 So.2d 878 (Fla. 4th DCA 1989). Schon's testimony that he thought he was dealing with Rupp individually is belied by the contract he signed and in any event is insufficient to impose personal liability on Rupp. See Schwartz v. Spectratech Ink Co., 568 So.2d 544 (Fla. 5th DCA 1990).
Based on the foregoing, we reverse and remand for entry of a judgment in favor of appellant.
STONE, J., concurs.
LETTS, J., dissents without opinion.