PER CURIAM.
In an action for conversion of a boat, a jury found in favor of appellee and assessed both compensatory and punitive damages against appellant. On appeal, appellant claims that the evidence was both insufficient to prove a conversion as of the date found by the jury and to award punitive damages. We affirm.
As to the conversion count, appellant’s main contention is that where the original taking was lawful, a demand for return must be made before a conversion can occur. Senfeld, v. Bank of Nova Scotia Trust Co., 450 So.2d 1157 (Fla. 3d DCA 1984); Rupp v. Schon, 608 So.2d 934 (Fla. 4th DCA 1992). Taking the evidence most favorably to the appellee, there was proof that the original taking by this appellant was not lawful as to appellee. The appellee had left his boat with one Jim Wharton for sale. Appellant was involved in Wharton’s boat business, but the two had a falling out. Appellant took appel-lee’s boat from the business premises without either the permission of Wharton or appellant. The appellant’s ex-wife also testified that appellant knew the boat belonged to appellee when he took it. If the jury believed this evidence, then the taking by appellant was not lawful, and no demand was necessary.
We also affirm the award of punitive damages. See Jonat Properties, Inc. v. Gateman, 226 So.2d 703 (Fla. 3d DCA), cert. denied, 234 So.2d 123 (Fla.1969); Bank of Miami v. Tambourine, 218 So.2d 507 (Fla. 3d DCA 1969).
We affirm the remaining issues on appeal.
WARNER and SHAHOOD, JJ., and SPEISER, MARK A, Associate Judge, concur.