541 So.2d 735 (1989)
Edward J. ROY and Reinhard Mueller, Appellants,
v.
Richard E. GORDON, Jr. and Katherine K. Gordon, Individually and As Trustees, Gordon/Ford/Reed Partnership, Rick Gordon, and Virginia Ford, Appellees.
No. 88-578.
District Court of Appeal of Florida, First District.
April 7, 1989.
*736 Michael S. Pasano and Humberto J. Pena, of Zuckerman, Spaeder, Taylor & Evans, Coral Gables, for appellants.
Judy K. Hunt, of Boroughs, Grimm, Bennett & Griffin, P.A., Orlando, for appellees.
SHIVERS, Judge.
Appellants Roy and Mueller appeal final judgment for damages, which ratified default against them. Roy and Mueller contend the trial court abused its discretion in entering default for sanctions and that the trial court erred by awarding damages without a jury trial.
We understand the trial court's frustration with the defendants and/or their attorneys over the defendants' failure to appear for depositions and failure to comply with discovery. The appellants assert it was the fault of their attorneys and their attorneys have taken the blame for failure to communicate with appellants about their latest obligations herein. Striking of pleadings or entering default for noncompliance with order compelling discovery is most severe of all sanctions and should be employed only in extreme circumstances. Mercer v. Raine, 443 So.2d 944 (Fla. 1984). Under the facts here, we reverse and remand for an evidentiary hearing at which appellants themselves will have an opportunity to attend and show cause why such severe sanctions should not be entered against them. If they are unable to show cause, the trial court shall explicate its rationale for finding the damages liquidated, thereby not requiring a trial by jury as demanded by appellants.
REVERSED and REMANDED.
ZEHMER and BARFIELD, JJ., concur.