NESBITT, Judge.
This is an appeal from a judgment entered on a jury verdict awarding damages for breach of contract, conversion, civil theft, common law fraud, and securities violations in a suit based on oil and gas drilling investment contracts. We affirm.
In 1979, defendants Oscar Zinn and Harold Zinn decided to go into the oil and gas drilling business and formed the OGM corporation through which the two formally executed investment contracts. Oscar and Harold were the sole officers, directors, and shareholders of OGM. Oscar’s role was to assemble investors; his son, Harold, oversaw the drilling operations. Harold held himself out as experienced in the oil drilling field. However, at trial, it was established that his experience prior to forming his company amounted to a seminar he had attended on the subject. In 1980, the pair had success with its first project, Program A, in Pennsylvania and began looking for investors for Program B which was to involve drilling ten oil wells in western Pennsylvania.
Oscar and Harold decided that Program B acreage would be set aside for family members and close friends. Oscar spoke with his cousin, plaintiff David Zinn, in late 1980 to interest him in investing in Program B. In 1980, David and his son, plaintiff Warren, invested substantial sums in Program B. A year later, Warren made a second investment. At that time, Warren’s brother and fellow plaintiff, Craig, also made an investment in Program B.
Defendants determined that the Pennsylvania land targeted for Program B was a bad choice and without telling the plaintiffs, the defendants decided to dig three gas wells in Ohio instead. Those three wells proved unprofitable, and the plaintiffs saw returns of only $31,106 on their $375,000 in investments. Plaintiffs then filed suit against Oscar, Harold, and OGM. A jury awarded damages for Florida Securities Act violations, common law fraud, conversion, and civil theft against Oscar *1142 and Harold. OGM was found liable for breach of contract. The appeal followed.
We affirm the damages awarded for conversion and civil theft to all three plaintiffs against Oscar and Harold, including the treble damage awards, based on the following analysis. First, as to the civil theft award, the jury was entitled to believe that Oscar and Harold induced the plaintiffs to invest in the Pennsylvania oil drilling operation, a venture which defendants knew was futile soon after plaintiffs’ investments began. In fact, Oscar testified that based on poor reports on the prospects for finding oil in the Program B acreage, he returned the Program B investments of five of his friends. Meanwhile, he continued to massage the plaintiffs for more money, never telling them that the Pennsylvania oil wells had been abandoned. There was ample testimony presented for the jury to believe that plaintiffs’ investment contracts with OGM were nothing more than a machination on the part of the defendants Oscar and Harold through which the two lined their own pockets. The evidence showed that the defendants used the corporation for their personal, illegal, fraudulent purposes.
Based on these facts, we reject Oscar and Harold’s claim that they cannot be held liable for civil theft. Oscar and Harold place great emphasis on the fact that Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), review denied, 494 So.2d 1151 (Fla.1986) held that there can be no civil theft where there is a contractual relationship. However, the fact is that the contractual relationship involved here was not between Oscar and Harold and the plaintiffs. The contract was between OGM and the plaintiffs. Therefore, Rosen is not controlling and does not conflict with the civil theft award entered. The jury was properly instructed that if it found Oscar and Harold appropriated the investment funds for their own use, they could be individually liable for civil theft. The jury found that the evidence supported this contention.
Second, the defendants claim that the funds involved were not specifically identifiable property subject to conversion. They claim that any debt could be discharged by the payment of money in general. See Overseas Equip. Co. v. Aceros Arquitectonicos, 374 So.2d 537 (Fla. 3d DCA 1979); Belford Trucking Co. v. Zagar, 243 So.2d 646 (Fla. 4th DCA 1971). However, these cases have no application here for the same reason Rosen is inapplicable: They are predicated on contractual obligations between the parties. In this case Oscar and Harold were under no individual contractual obligations to the plaintiffs.
Clearly the misused investment funds constituted identifiable property en masse. That property simply flowed from the plaintiffs through the OGM corporation into the hands of the defendants under the guise of written investment contracts. Cf. Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd., 450 So.2d 1157, 1161 n. 4 (Fla. 3d DCA 1984); compare, Masvidal v. Ochoa, 505 So.2d 555 (Fla. 3d DCA 1987) (civil theft and conversion possible in a contractual relationship where there is evidence of embezzlement). Plaintiffs’ funds went to Oscar and Harold who converted those funds to their own use to satisfy their personal needs and social pursuits and who refused to return the funds to plaintiffs upon request. See Senfeld, 450 So.2d at 1160. Accordingly, it was not error to award damages for conversion.
Finding the appellants’ other claims to be equally without merit, the judgment is hereby affirmed.