559 So.2d 453 (1990)
Margaret LEWIS, Appellant,
v.
HEARTSONG, INC., a Non-Profit Corporation, Softstyle, Inc., a Florida Corporation, Stephanas Trinity, Sarah Trinity, Anna Wegher, Robert Lamont and Laura Hamen, D/B/a New Dawn Futon, Appellees.
No. 88-2964.
District Court of Appeal of Florida, First District.
April 16, 1990.
*454 John J. Neilly, Jr., Gainesville, for appellant.
Samuel Hankin and Phil C. Beverly, Jr., of Hankin & Beverly, P.A., Gainesville, for appellees.
SMITH, Judge.
Appellant seeks reversal of the dismissal with prejudice of her complaint for failure to state a cause of action. Finding only one cause of action to be sufficiently alleged, we reverse in part and affirm in part.
Appellant joined the Heartsong organization, and moved to the organization's farm in Gilchrist County. Appellant assigned a contract for deed for a duplex to the organization. Futon beds, which the appellant designed and constructed, were sold in a Gainesville store owned by the organization, doing business as "Softstyle". Appellant had received thirty-three of the one hundred shares issued by Softstyle, Inc. At some point, the appellant became disillusioned with the organization. She moved off the farm and opened her own business, the "Sleep & Dream Store," in Gainesville. Appellant filed suit seeking rescission of the assignment, as well as damages for civil theft and conversion.
Appellant does not argue on appeal that she sufficiently alleged the necessary elements of the stated causes of action, but argues instead that causes of action were alleged because the appellees answered the complaint. Appellant argues as well that the trial court abused its discretion in not allowing minor amendment, even though this was appellant's fifth attempt to state a cause of action against the appellees.
The appellant did sufficiently state a cause of action for conversion of personal property. In Count II of her complaint, appellant alleged that she was the sole owner and operator of the "Sleep and Dream" store, and that on or about February 12, 1986, the appellees, or their agents, entered the store and removed inventory and display cases without appellant's consent and in opposition to appellant's active protest. Appellant alleged further that despite her repeated requests appellees have refused to return the property or to tender payment therefore, and as a result, appellant has suffered damages.
On appeal, appellees argue that appellant failed to sufficiently allege civil theft, which requires, according to the appellees, the allegation that the act was done with a "felonious intent," citing Bertoglio v. American Savings & Loan Association of Florida, 491 So.2d 1216 (Fla. 3d DCA 1986). Appellees are correct in asserting that a felonious intent to steal is a necessary element of proof in an action for damages based on a violation of section 812.014(1), Florida Statutes (1985).[1]
*455 Here, although erroneously labeled by the pleader as "civil theft," Count II contains sufficient allegations for recovery for conversion. In fact, neither the body of the pleading nor the prayer for relief under Count II mention the civil theft statute, section 772.11, Florida Statutes (Supp. 1986), and no claim for treble damages is made in Count II. Count III, on the other hand, is mislabeled "conversion," and seeks treble damages. We agree that no claim sufficient to satisfy the requirements of "civil theft" is stated. The erroneous heading "civil theft" preceding the text of Count II is treated as mere surplusage.
We find no error in the trial court's dismissal of the complaint with respect to the remaining counts. Accordingly, the dismissal is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings on Count II of the complaint.
THOMPSON and MINER, JJ., concur.
NOTES
[1] In Bertoglio, appellant argued on appeal that, among other things, a damage award should have been trebled pursuant to the anti-fencing statutes because the jury's finding that a civil conversion was committed was the "equivalent to a finding of the requisite felonious intent." 491 So.2d at 1217. The District Court disagreed, stating: "[I]n the absence of a pleading or proof of criminal intent, a finding of civil conversion alone does not justify an award of treble damages ..." Id.