561 So.2d 344 (1990)
Thomas O'DONNELL and Frazer Oil and Gas Company, Appellants,
v.
ARCOIRIES, INC., a Florida Corporation, et al., Appellees.
Nos. 88-1398, 88-2007, and 88-2954.
District Court of Appeal of Florida, Fourth District.
April 25, 1990.
John Beranek of Aurell, Radey, Hinkle & Thomas, Tallahassee, Gerald S. Lesher of Cooney, Ward & Lesher, and Klein & Walsh, P.A., West Palm Beach, for appellants.
Kevin J. O'Grady and Mimi Sall-Pritchard of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee-Arcoiries, Inc.
Charles D. Franken of Charles D. Franken, P.A., Plantation, for appellee  Levinson and Tax Consultants, Inc.
William R. Wicks, III of Nicklaus, Valle, Craig & Wicks, Miami, for appellee  Capp, Reinstein, Kopelowitz & Atlas, P.A.
STONE, Judge.
This is an appeal from a judgment following a jury verdict for plaintiff on separate counts for civil theft, fraud and breach of fiduciary duty. Evidence showed the appellants fraudulently obtained and diverted *345 appellee's funds intended for use in a partnership purchase of oil leases. We affirm.
The appellants argue this was essentially a partnership claim and the plaintiff had no standing. However, the evidence supports a conclusion that Arcoiries, Inc. was permanently deprived of its funds by willful misrepresentations furthering a misappropriation by appellants for their own use.
Appellant also asserts that treble damages for civil theft are not recoverable in a contract dispute. See Futch v. Head, 511 So.2d 314 (Fla. 1st DCA), rev. denied, 518 So.2d 1275 (Fla. 1987); Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), rev. denied, 494 So.2d 1151 (Fla. 1986). However, the verdict in this case was on a tort claim. The loss was found to result from a theft, separate and distinct from any contractual dispute. Little distinguishes this case from others recognizing a right to treble damages for embezzlement or similar allegations that could form a basis for a criminal theft charge under Florida Statutes Section 812.014. See Zinn v. Zinn, 549 So.2d 1141 (Fla. 3d DCA 1989); Nova Flight Center, Inc. v. Viega, 554 So.2d 626 (Fla. 5th DCA 1989); Russo v. Heil Constr. Inc., 549 So.2d 676 (Fla. 5th DCA 1989). We deem Rosen and Futch to be inapposite. Additionally, the trial court properly computed treble damages by including prejudgment interest as an element of damages. Cf. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). We further find no error in the other issues raised.
GLICKSTEIN and GARRETT, JJ., concur.