590 So.2d 986 (1991)
WESTINGHOUSE ELECTRIC CORP., INC., Bay County Energy Systems, Inc., and Bay Resource Management, Inc., Appellants,
v.
SHULER BROTHERS, INC., and Mitchell Larkins and Robert Aldrich, d/b/a Liberty Fuels, Appellees.
No. 90-2552.
District Court of Appeal of Florida, First District.
December 3, 1991.
Rehearing Denied January 17, 1992.
*987 Lynn C. Higby of Bryant, Higby & Williams, Panama City, Julian Clarkson and Susan L. Turner of Holland & Knight, Tallahassee for appellant/cross-appellee.
H. Hentz McClellan of McClellan & House, Blountstown, Frank A. Baker of Baker & Swearingen, Marianna, for appellee/cross-appellant/Shuler.
Harold S. Richmond, Quincy, for appellee/Liberty Fuels, for appellee.
PER CURIAM.
We grant Westinghouse's motion for rehearing filed herein on May 17, 1991, withdraw the earlier opinion, and substitute the following opinion in its place.
This is an appeal and cross-appeal in which appellant, Westinghouse Electric Corporation and its subsidiaries (Westinghouse), challenge final judgments entered in favor of appellees, Shuler Brothers, Inc. (Shuler), and the Liberty Fuels joint venture of Mitchell Larkins and Robert Aldrich (Liberty Fuels). Among the errors asserted by Westinghouse are the amount of damages awarded to Liberty Fuels on Liberty's contract and conversion claims, and the denial of Westinghouse's so-called "motion for judgment notwithstanding the verdict" on Shuler's civil theft claim.[1] We affirm the award to Liberty Fuels without elaboration, but we agree with Westinghouse that Shuler's award for civil theft must be reversed. Shuler's cross-appeal asserts the following as error: (1) the trial court improperly directed a verdict in favor of Westinghouse on Shuler's common law fraud claim; (2) the trial court neglected to include post-verdict, prejudgment interest, and (3) the trial court erred in calculating Shuler's attorneys' fees. We affirm on the first point, and our reversal of the civil theft award makes it unnecessary to address the latter two points.
Westinghouse operates the Bay County Resource Recovery Facility, which is an incinerator that burns garbage to generate electricity. Because the incinerator requires waste wood in addition to garbage, Westinghouse contracted with Liberty Fuels to provide various amounts of waste wood. In October 1987, Westinghouse's plant manager, Gregg Pennington, contacted Shuler and asked if Shuler would deliver additional waste wood through Liberty Fuels' contract. The agreement reached between Pennington and Shuler became the basis for Shuler's civil theft claim against Westinghouse.
At trial, counsel for Shuler urged the jury to accept the following interpretation of the parties' arrangement: Westinghouse, through Pennington, misrepresented to Shuler that Westinghouse was contractually obligated to purchase all of its wood through Liberty Fuels, and therefore, Shuler must broker its wood through Liberty Fuels in order to sell to Westinghouse. Shuler would have to receive payment from Liberty Fuels and would have to make its deal for price with Liberty Fuels. Westinghouse failed to reveal that it had advanced Liberty Fuels $25,000.00, which sum Westinghouse had the right to apply against amounts owed to Liberty Fuels for wood; thus, Shuler was unaware that running wood through the Liberty Fuels contract would expose it to the set-off. Westinghouse also failed to tell Shuler that the relationship between Liberty Fuels and Westinghouse had become strained to the extent that Liberty Fuels was not running any more of its own wood through the contract. Westinghouse exercised its set-off and refused to pay Liberty Fuels for wood that was delivered by Shuler, thus giving rise to Shuler's action for civil theft. *988 In short, it was Shuler's position that Westinghouse had devised a scheme whereby it could obtain Shuler's wood without paying for it and at the same time recoup its $25,000.00 set-off, all at Shuler's expense. For its part, Westinghouse argued, apparently without success, that there was no criminal intent, and that Shuler's counsel had merely "dressed up a contract case and ... made it into a criminal case."
To obtain treble damages for civil theft, Shuler had the burden of proving "by clear and convincing evidence that [it had] been injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037," which statutes prohibit theft and dealing in stolen property. § 772.11, Fla. Stat. (1989). A necessary element of proof in such a case is a felonious intent to steal on the part of the defendant. Lewis v. Heartsong, Inc., 559 So.2d 453 (Fla. 1st DCA 1990). By moving for judgment in accordance with its motion for directed verdict, Westinghouse disputed that there was any legal evidence from which the jury could find for Shuler "under the principles of substantive law applicable to the subject matter of the action." See H.P. Trawick, Jr., Florida Practice and Procedure § 26-3 (1990). Stated another way, Westinghouse argued that there was no "clear and convincing evidence" upon which the jury could have found felonious intent. Shuler responded that the evidence of felonious intent was conflicting and, therefore, the jury's verdict must be sustained.
In Slomowitz v. Walker, 429 So.2d 797, 800 (Fla. 4th DCA 1983), the court offered the following description of what constitutes clear and convincing evidence:
[C]lear and convincing evidence requires that the evidence must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the testimony must be precise and explicit and the witnesses must be lacking in confusion as to the facts in issue. The evidence must be of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.
Although this standard of proof may be met where the evidence is in conflict, In re Guardianship of Browning, 543 So.2d 258, 273 (Fla.2d DCA 1989), approved, 568 So.2d 4 (Fla. 1990), it seems to preclude evidence that is ambiguous.
Contrary to Shuler's assertion that conflicting evidence was presented on the question of felonious intent, the record demonstrates that the evidence was, at best, ambiguous. The jury was not presented with two conflicting accounts of what took place between Westinghouse and Shuler  one portrayal clearly evidencing Westinghouse's felonious intent, and the other consistent with plain dealing. Rather, the only evidence was that Shuler's owner, "Pot" Shuler, and Westinghouse's representative, Greg Pennington, reached an agreement whereby Shuler would broker its wood through Liberty Fuels' contract. It was understood that Liberty Fuels, not Westinghouse, would be responsible to Shuler for payment. In fact, Pot Shuler testified that at the time the agreement was reached he expressed concern at having to rely upon Liberty Fuels for payment. Pot Shuler proceeded despite his apprehensions, and his fears were realized when Westinghouse applied its set-off with Liberty Fuels who then failed to pay Shuler. Shuler's assertion that this was all accomplished with felonious intent on the part of Pennington or Westinghouse is contradicted by Pot Shuler's own testimony that Pennington never lied to him and that he would continue to sell wood to Westinghouse under a direct contract. In short, the evidence as easily supports Westinghouse's position of plain dealing as it does Shuler's allegation of theft; in a word, it is ambiguous. Consequently, Shuler could not establish felonious intent by clear and convincing evidence so as to prevail on its claim for civil theft, and the trial court should have granted Westinghouse's motion for judgment in accordance with its motion for directed verdict.
In sum, on Westinghouse's appeal, we affirm the award to Liberty Fuels but reverse Shuler's judgment for civil theft. On *989 Shuler's cross-appeal, we affirm as to the only issue not rendered moot by our reversal of the civil theft award.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
ERVIN and MINER, JJ., concur.
JOANOS, C.J., dissents with opinion.
JOANOS, Chief Judge, dissenting.
I respectfully dissent. The award to Shuler should be affirmed. The evidence was sufficiently clear and convincing to permit the jury to find the necessary statutory intent.
The evidence allowed the jury to determine that Westinghouse sought to, and did, obtain Shuler's wood without paying for it. The jury could, and apparently did, find that by concealing from Shuler that Westinghouse was owed $25,000.00 by Liberty Fuels, Westinghouse intended to use the debt as an offset against the wood that would be supplied by Shuler through Liberty Fuels. The trap was baited when Shuler was told that it would be notified when monies were paid by Westinghouse to Liberty Fuels. Certainly, this could be viewed as an indication that monies would be paid when, in fact, Westinghouse knew that it could withhold $25,000.00. I believe there was enough to allow the jury to determine that the necessary felonious intent existed.
NOTES
[1] This was actually a motion for judgment in accordance with a motion for directed verdict. See Fla.R.Civ.P. 1.480.