605 So.2d 538 (1992)
Richard E. GORDON, Jr. and Katherine K. Gordon, individually and as Trustees, Gordon/Ford/Reed Partnership, Rick Gordon and Virginia Ford, Appellants,
v.
OMNI EQUITIES, INC. f/k/a A.T. Bliss & Company, Inc., a Massachusetts corporation, Edward J. Roy and Reinhard Mueller, Appellees.
Nos. 91-1854, 91-1855.
District Court of Appeal of Florida, First District.
September 17, 1992.
*539 Brian R. Gilchrist and Stephen D. Milbrath of Litchford, Christopher & Milbrath, P.A., Orlando, for appellants.
William D. Tucker of Jacob and Associates, Delray Beach, for appellees.
WOLF, Judge.
This opinion addresses two separate appeals from the same final judgment. The appeals have been consolidated. Richard E. Gordon, Jr. and Katherine Gordon,[1] appeal from an amended partial final judgment entered as a result of a default against Omni Equities, Inc. (Omni), Edward J. Roy, and Reinhard Mueller.[2] The Gordons challenge that portion of the amended final judgment which struck the award of treble damages. The Gordons assert that the trial court did not have jurisdiction to amend the previously entered final judgment as to appellee, Omni, and that the trial court erred in striking the award of treble damages as to all three appellees. We find that the trial court erred in striking the award of treble damages as to all appellees and reverse as to that issue. In light of our ruling as to this issue, it is unnecessary to address the jurisdictional question as to Omni. Appellees raise two issues in case number 91-1855: (1) Whether the trial court erred in determining that the Gordons' damages were liquidated, and *540 (2) whether the discovery violations for which the trial court entered a default were the responsibility of the defendants' counsel. We find both points to be devoid of merit. The amounts which appellees claim are unliquidated were not awarded pursuant to the final judgment which is being appealed, and there was clearly competent substantial evidence to support the judge's findings that the defendants were responsible for the discovery violations. We decline to discuss these issues any further.
At oral argument, the court sua sponte raised the issue of whether the partial final judgment which is being appealed is an appealable final order. After review of the supplemental briefs of counsel, we are convinced that the partial final judgment totally disposed of an entire independent action between the parties and is reviewable pursuant to rule 9.110(k), Florida Rules of Appellate Procedure. See Mendez v. West Flagler Family Ass'n, Inc., 303 So.2d 1 (Fla. 1974); Redd v. Talley, 584 So.2d 616 (Fla. 1st DCA 1991), rev. denied, 591 So.2d 183 (Fla. 1991).
On January 31, 1985, the Gordons filed a complaint in circuit court against several parties, including Omni Equities, Inc., Bliss and Co., Edward Roy, and Reinhard Mueller. After a series of motions, appellants filed a third-amended complaint, which is pertinent to this appeal.
The third-amended complaint alleged that there were two separate and distinct fraudulent acts on the part of the defendants. The first involved inducement to purchase units in a limited partnership through the use of a false offering memorandum. The appellants paid $37,500 in cash and executed a promissory note for $112,500 in return for the partnership interest in December of 1982. It was alleged that in the second transaction, which occurred in June of 1983, appellants were induced as a result of fraudulent statements of appellees to purchase stock in a corporation which was separate and distinct from the limited partnership. It was alleged as to both transactions that the appellees "knowingly obtained Plaintiffs' money by fraud, willful misrepresentation of a future act, false promises or by false pretenses, fraud or deception, with the intent to deprive them of a right to the property or a benefit therefrom in violation of Chapter 812, Florida Statutes." Based on these allegations, appellants sought treble damages.
As a result of repeated discovery violations on the part of the appellees, a partial final judgment was entered against all the appellees on February 12, 1988. This final judgment was appealed by Roy and Mueller, but not Omni. In Roy v. Gordon, 541 So.2d 735 (Fla. 1st DCA 1989), this court reversed the entry of the final default judgment and remanded for an evidentiary hearing where Roy and Mueller would have an opportunity to show cause why such severe sanctions should not be imposed.
After a full evidentiary hearing, the trial court entered an order with extensive factual findings. The court found that (1) as a result of the willful and flagrant violations of the rules of civil procedure and orders of the court, entry of a default judgment was justified; (2) plaintiffs were "entitled to treble their actual damages pursuant to the pleadings, which are admitted by default"; and (3) "[b]ecause the allegations related to the limited partnership represent a separate claim from that related to plaintiffs' investment in Omni stock, plaintiffs are entitled to entry of a judgment on the limited partnership interest prior to any determination in the stock issue." A partial final judgment was entered as to the limited partnership claim which assessed treble damages on September 19, 1990.
The appellees filed a motion for reconsideration of the partial final summary judgment, on October 3, 1990. The court granted the motion to the extent that it struck the award of treble damages, and entered a second-amended partial final judgment on May 10, 1991. Appellees assert that the trial court was correct in striking the award of treble damages because there were insufficient allegations of felonious intent, and assert that the existence of a contract (the limited partnership agreement) between the parties precludes a finding of civil theft. We reject both of appellees' arguments.
*541 Appellee correctly asserts that in order to support an action for civil theft a complaint must allege "felonious intent." Lewis v. Heartsong, 559 So.2d 453 (Fla. 1st DCA 1990). Unlike Lewis, however, the complaint in the instant case alleges that the appellees made willful false representations with the intent to deprive the appellants of their property, that appellees had no legal right to the property, and that these actions were done in violation of chapter 812, Florida Statutes. We hold that this language sufficiently alleges felonious intent.
Appellees also assert that the cases of Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA 1986), rev. denied, 494 So.2d 1151 (Fla. 1986), and Futch v. Head, 511 So.2d 314 (Fla. 1st DCA 1987), rev. denied, 518 So.2d 1275 (Fla. 1987), preclude a finding of civil theft where there is a contractual relationship between the parties. Such a broad interpretation of these cases has been properly rejected by a number of appellate courts. See, e.g., Tinwood N.V. v. Sun Banks, Inc., 570 So.2d 955 (Fla. 5th DCA 1990); O'Donnell v. Arcoiries, Inc., 561 So.2d 344 (Fla. 4th DCA 1990); Nova Flight Center v. Viega, 554 So.2d 626 (Fla. 5th DCA 1989); Zinn v. Zinn, 549 So.2d 1141 (Fla. 3d DCA 1989). In Rosen and Futch, the courts were dealing with situations where a party was attempting to recover money pursuant to the terms of a contract, and there was no allegation of a felonious intent at the time the agreement was entered into. The holdings of these cases, therefore, do not stand for the proposition that an action for civil theft can never be maintained where there is a contractual relationship between the parties. In Tinwood and Zinn, it was held that the existence of a contractual relationship did not preclude a finding of civil theft where the defendants falsely induced investments with the intent to deprive the plaintiffs of their property. In both Tinwood and Zinn, as here, recovery was not sought pursuant to the terms of a contractual agreement, but rather the existence of a contract was only incidental to the alleged felonious schemes. As in Tinwood and Zinn, we are also dealing with fraudulent representations made in order to deprive an investor of property.
Under these circumstances, the complaint alleged grounds for civil theft, and the trial judge erred in striking the award of treble damages. In all other respects, the judgment is affirmed.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] The Gordons are appellants in case number 91-1854, and appellees in case number 91-1855. Throughout this opinion, they will be referred to as appellants.
[2] Omni, Roy, and Mueller are appellees in case number 91-1854 and appellants in case number 91-1855. They will be referred to throughout this opinion as appellees.