FARMER, Judge.
In affirming the judgment below in all respects, we write only to address Judge Stone’s reluctance to include prejudgment interest in calculating the presumptive range of punitive damages under section 768.73(l)(a), Florida Statutes (1993).
Section 768.73(l)(a) provides that an award of punitive damages presumptively “may not exceed three times the amount of compensatory damages awarded to each person * * In Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985), the supreme court reaffirmed the principle that “since at least before the turn of the century, Florida has adopted the position that prejudgment interest is merely another element of pecuniary damages.” 474 So.2d at 214. If prejudgment interest is just another element in the “amount of compensatory damages awarded to” plaintiff, one might reason that it is necessarily hide-bound with the whole, The question is whether we can, to mix metaphors, split the atom and exclude one of the elements of the compensatory damages package from the calculus for punitive damages.
Certainly, there is nothing in section 768.73 authorizing judges to separate the various elements composing the bundle of compensatory damages and discard from the punitive damages formula those elements that the judge personally deems unwise. Indeed, the statute does not even mention the subject of prejudgment interest. Nor have defendants suggested a rationale for excluding it from the calculations. Even if we thought it salutary to do so, we are unable to read such an exclusion into the formula by statutory construction. Holly v. Auld, 450 So.2d 217 (Fla.1984).
AFFIRMED.
GUNTHER, J., concurs.
STONE, J., concurs in part and dissents in part with opinion.