660 So.2d 1081 (1995)
Edward C. VINING, Jr., Appellant/Cross-Appellee,
v.
Eva MARTYN, Appellee/Cross-Appellant.
No. 94-0415.
District Court of Appeal of Florida, Fourth District.
August 16, 1995.
Rehearing and Certification of Question Denied October 12, 1995.
Edward C. Vining, Jr., pro se.
*1082 Stephen Gellman, Miami, Elton H. Schwarz, Stuart, and Douglas H. Stein of Douglas H. Stein, P.A., Coral Gables, for appellant/cross-appellee.
Lauri Waldman Ross of Maland & Ross, Miami, for appellee/cross-appellant.
POLEN, Judge.
This appeal stems from an attorney-client dispute which grew out of Edward J. Vining's representation of Eva Martyn in a 1980 dissolution of marriage proceeding in Martin County. As a result of this dispute, Martyn filed a complaint against Vining, which included counts for conversion, civil theft, and fraud on the court. The trial court entered judgment in favor of Martyn on these counts, and Vining raised five points on appeal challenging the judgment. We affirm on all of appellant's points, but reverse based on a consideration of both points regarding damages that Martyn raised on her cross-appeal.
As to Martyn's first point on cross-appeal, we agree that the trial court should have awarded prejudgment interest from the date the theft occurred. See Florida Steel Corp. v. Adaptable Dev., Inc., 503 So.2d 1232 (Fla. 1986) (under the "loss theory" applicable in Florida, prejudgment interest is merely another element of compensatory damages and that once a defendant is held liable for a plaintiff's damages "interest should follow as a matter of law"); O'Donnell v. Arcoiries, Inc., 561 So.2d 344 (Fla. 4th DCA 1990) (recognizing that prejudgment interest was an element of damages in a civil theft case). We are not persuaded by Vining's argument that Martyn was not entitled to prejudgment interest because there was no date certain for the loss set out in the verdict form. See Charles Buzbee & Sons, Inc. v. Falkner, 585 So.2d 1190 (Fla. 2d DCA 1991) (reversible error not to award prejudgment interest on ostensible basis that date of loss could not be determined where it was apparent from the record). However, we agree with Vining that because the purpose of prejudgment interest is restitution, rather than retribution, the prejudgment interest should only be awarded on the actual amount stolen and not on the treble damages. Zucker v. Sears Roebuck & Co., 589 So.2d 454 (Fla. 5th DCA 1991) (in a worthless check action, creditor could only recover prejudgment interest on face amount of check but not on treble damages based on the principle that such interest was restitution and not retribution). Although this court in O'Donnell, 561 So.2d at 345, stated that "the trial court properly computed treble damages by including prejudgment interest as an element of damages," this single sentence does not make clear whether this court was authorizing prejudgment interest on the treble damages or the compensatory portion of the award. Thus, we do not read O'Donnell as restricting our opinion at bar.
With regard to Martyn's second point on cross-appeal, we also agree that the trial court erred in its computation of treble damages. The trial court calculated the damages due and owing Eva Martyn by deducting as an off-set the settlement Eva received from codefendant Florida National Bank before trebling the damages. While there is no Florida case law directly on point, Martyn has cited numerous federal cases which support her argument that the verdict should have been trebled before deducting the off-set. See Flintkote v. Lysfjord, 246 F.2d 368, 398 (9th Cir.), cert. denied, 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957) (the plaintiffs having already received $20,000, it was proper to deduct that sum from the trebled amount. Any other method would have resulted in plaintiffs receiving less than the whole to which they were entitled); Burlington Indus., Inc. v. Milliken & Co., 690 F.2d 380, 391 (4th Cir.1982), cert. denied, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983) ("[T]he heretofore unbroken rule has been that any settlement payments are deducted from the damages awarded after trebling"). Thus, we reverse with directions for the trial court to deduct the off-set in the amount of the Florida National Bank settlement after the verdict is trebled, in addition to awarding prejudgment interest on the compensatory damages from the date the theft occurred.
GUNTHER, C.J., concurs.
FARMER, J., concurs specially with opinion.
*1083 FARMER, Judge, concurring specially.
I write separately only to make clear that our decision today is not inconsistent with Christenson & Associates, Mtg. Co. v. Palumbo-Tucker, 656 So.2d 266 (Fla. 4th DCA 1995). In that case we held that prejudgment interest was part of the total compensatory damages package for purposes of calculating the presumptive range of allowable punitive damages under section 768.73(1)(a), Florida Statutes (1993).
In today's case, we hold that prejudgment interest should be awarded only on the actual amount of the loss before any statutory trebling of compensatory damages. That is certainly agreeable with the Christenson & Associates holding, in which prejudgment interest was added to the amount of the actual loss, and the combined sum was then trebled to calculate the punitive damages.
With that understanding, I concur in today's decision.