FARMER, J.
A judgment debtor seeks review of an order finding a fraudulent transfer of an automobile to delay or hinder satisfaction of the judgment. We affirm the trial court’s finding that the Mercedes automobile was transferred to the debtor’s wife to hinder collection on the judgment and proceed to address the judgment creditor’s cross appeal.
The judgment creditor seeks review of an order dissolving a writ of garnishment. The underlying obligation for the writ arose from two money judgments against Vining in Mar-tyn’s suit against him. One judgment was on the merits of Martyn’s claim for civil theft. Vining v. Martyn, 660 So.2d 1081 (Fla. 4th DCA 1995). The second judgment was for attorney’s fees incurred in prevailing against Vining. Vining v. Martyn, 661 So.2d 942 (Fla. 4th DCA 1995).
As the above citations suggest, Vining appealed both judgments. Preferred National Insurance Company (PNIC) was the surety on Vinirig’s supersedeas bonds. The bonds were secured by collateral given by Vining to induce PNIC to issue the supersedeas bonds. When Vining lost on both appeals, PNIC resorted to its collateral and paid off the judgment creditor. After satisfying the creditor, PNIC had a surplus of $9,849 from the collateral. The judgment creditor brought a writ of garnishment against PNIC, who answered that Vining’s wife claimed some interest in the surplus as entireties property and that it was therefore exempt from levy and garnishment because the underlying judgment was against only Vining and not his wife. In response to a motion for summary judgment, the court dissolved the writ. We reverse the order dissolving the writ of garnishment and remand for judgment in favor of Martyn.
The source of the collateral for the super-sedeas bonds was certain Certificates of Deposit (CD’s) titled jointly in the names of the judgment debtor and his wife, who was of course not a joint debtor on the underlying obligation. When Vining decided to appeal the money judgments against him, he obtained supersedeas bonds to stay collection efforts on the judgments while he pursued his appeal. The bonding company would issue the bond only if he furnished collateral protecting the company if it should be called upon to perform the obligation of the bonds. In order to meet the demand for collateral, Vining borrowed the funds from a bank, which in turn took back a mortgage on his home. To give an effective mortgage, Vin-ing’s wife was required to execute the mortgage deed, which she did. The proceeds of this loan were then placed in a CD account that was, in turn, pledged to the bonding company. The bonding company used the pledged funds to satisfy its obligation under the supersedeas bonds. It is the surplus from these funds that Vining’s wife now claims to own by reason of her entireties interest in the family home.
We conclude that Vining’s wife lost her entireties interest by pledging the borrowed funds to the bonding company to act as collateral for the obligation to satisfy the Mar-tyn debt. While it is true that the consent of both parties is required to pledge or transfer property owned as tenants by the entireties, here the wife joined in the transfer by signing the mortgage deed and then by acquiescing in the pledge of the borrowed funds to the bonding company. Both of these acts by her are inconsistent with her claim of an entireties interest. If she desired to retain her own interest in entireties property to defeat the claims of her husband’s creditors, she was certainly privileged to do so. But *338 she lost that privilege when she consented to the mortgage and hypothecation of the mortgage proceeds.
We therefore affirm the fraudulent transfer as to the Mercedes automobile but reverse the dissolution of the garnishment and remand with instructions to enter final judgment on the writ of garnishment in favor of Martyn.
GUNTHER, J., and WEINSTEIN, PETER M., Associate Judge, concur.