PER CURIAM.
On the appeal from the order denying relief from a judgment entered upon a settlement reached after mediation, we affirm. See BMW of N. Am. Inc. v. Krathen, 471 So.2d 585, 588 (Fla. 4th DCA 1985) (“The offer ... did not involve a complex transaction. The terms were few and easi *1057 ly understood. Thus, the omission of what is now claimed to be an essential term, cannot be characterized as a minor, inadvertent error.”), review denied, 484 So.2d 7 (Fla.1986). A money judgment entered upon a settlement should not be given any less res judicata effect — simply because it resulted from a settlement and not from a trial — than would a money judgment upon a verdict. Cf. Robbie v. City of Miami, 469 So.2d 1884 (Fla.1986) (“Settlements, of course, are governed by the rules for interpretation of contracts. Additionally, settlements are highly favored and will be enforced whenever possible.” [e.s.]); Lomelo v. Am. Oil Co., 256 So.2d 9, 11 (Fla. 4th DCA 1971) (voluntary dismissal based on stipulation of parties sufficient to invoke res judicata).
As to the appeal from the partial summary judgment, we dismiss for lack of jurisdiction because the partial summary judgment does not dispose of all remaining issues. See Mendez v. W. Flagler Family Ass’n Inc., 303 So.2d 1 (Fla.1974) (piecemeal appeal should not be permitted where claims are legally interrelated and in substance involve same transaction); S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974) (unless claims adjudicated by partial summary judgment are interrelated with remaining claims pending in the trial court, to be appealable order must dispose of all the issues or causes in the case); Gordon v. Omni Equities Inc., 605 So.2d 538 (Fla. 1st DCA 1992).
GUNTHER, FARMER and SHAHOOD, JJ., concur.