984 So.2d 673 (2008)
James SEBASTIANO, Appellant,
v.
Joseph SCLAFANI, Joan Rogers, Leo Cueto, Leo Cueto as Trustee, and 3 Golden Holdings, LLC, Appellees.
No. 4D07-3088.
District Court of Appeal of Florida, Fourth District.
June 25, 2008.
James Sebastiano, Jasper, pro se.
Steven M. Goldsmith of Steven M. Goldsmith, P.A., Boca Raton, and William R. Ponsoldt, Jr. of Wright, Ponsoldt & Lozeau, Trial Attorneys, L.L.P., Stuart, for appellee Joseph Sclafani.
PER CURIAM.
We reverse the summary final judgment for recalculation of damages. The judgment awarded treble damages under the civil theft statute. In a related criminal case, appellant James Sebastiano was convicted of grand theft and organized fraud. The judgment incorrectly computed prejudgment interest on the amount of trebled damages, instead of the actual damages. Prejudgment interest should be awarded only on the amount stolen, not on the amount as trebled under the civil theft statute. See Greenberg v. Grossman, 683 *674 So.2d 156, 157 (Fla. 3d DCA 1996) (citing Vining v. Martyn, 660 So.2d 1081, 1082 (Fla. 4th DCA 1995)). Also, the circuit court should determine if appellant is entitled to receive a credit for $62,500 which he claims was recovered as restitution in the criminal case. "While a crime victim is entitled to pursue both a criminal restitution award and a civil damages award, section 775.089(8)[, Florida Statutes (2007) ] specifically requires that the amount of the restitution award be set off against the civil judgment so that the victim does not receive a double recovery." See Peterson v. Therma Builders, Inc., 958 So.2d 977 (Fla. 2d DCA 2007) (citing Kirby v. State, 863 So.2d 238, 243 (Fla.2003)).
STEVENSON, GROSS and MAY, JJ., concur.