LaROSE, Judge.
This appeal stems from an overly ambitious tree-trimming project that damaged a stand of melaleuea trees. Randy and Rose Merritt appeal the trial court’s amended final judgment approving the order of a voluntary trial resolution judge granting OLMHP, LLC’s motion for judgment in accordance with motion for directed verdict.[1] The voluntary trial resolution judge presided over a jury trial pursuant to section 44.104(1), Florida Statutes (2011), which provides as follows:
(1) Two or more opposing parties who are involved in a civil dispute may agree in writing to submit the controversy to *561 voluntary binding arbitration, or voluntary trial resolution, in lieu of litigation of the issues involved, prior to or after a lawsuit has been filed, provided no constitutional issue is involved.
Particularly pertinent to our analysis is section 44.104(11):
(11) Any party may enforce a final decision rendered in a voluntary trial by filing a petition for final judgment in the circuit court in which the voluntary trial took place. Upon entry of final judgment by the circuit court, any party may appeal to the appropriate appellate court. Factual findings determined in the voluntary trial are not subject to appeal.
(Emphasis added.) We exercise jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A) based upon the trial court’s amended final judgment. See art. V, § 4(b)(1), Fla. Const.; Gen. Star Indem. Co. v. W. Fla. Vill. Inn, Inc., 874 So.2d 26, 29 (Fla. 2d DCA 2004). We affirm. Consequently, OLMHP’s cross-appeal is moot.
The Merritts sued OLMHP for civil theft and trespass. See §§ 812.014, 772.11, Fla. Stat. (2004). The ease involved a March 2005 tree-trimming dispute over a large stand of melaleuca trees situated on, or abutting, the Merritts’ property.
The melaleuca trees, commonly known in Florida as “punk trees” or “paperbark tea trees,”[2] grew prolifieally over time and large limbs dangled over OLMHP’s property, creating a danger or nuisance to the residents of the OLMHP’s mobile home park. OLMHP hired a tree-trimming company to trim the trees. Unfortunately, the company slashed back large portions of the trees to but a few feet in height. We note that the tree-trimming company was not a party at trial; earlier, the trial court granted summary judgment in its favor for lack of criminal intent.
The case proceeded to trial against OLMHP. Although finding no trespass, the jury returned a verdict for the Merritts on their civil theft claim.[3] The voluntary trial resolution judge previously had taken OLMHP’s motion for directed verdict under advisement. He granted relief to OLMHP after the jury verdict. He concluded that the Merritts failed to establish felonious intent, an essential element of civil theft. See Anthony Distribs., Inc. v. Miller Brewing Co., 941 F.Supp. 1567, 1575 (M.D.Fla.1996) (“ ‘felonious intent to steal on the part of the defendant’ is a ‘necessary element of proof ”) (quoting Westinghouse Elec. Corp. v. Shuler Bros., Inc., 590 So.2d 986, 988 (Fla. 1st DCA 1991)). No one questions that the Merritts had to establish the elements of civil theft by clear and convincing evidence. See §§ 772.011(1), 812.035(7); see also Shuler Bros., 590 So.2d at 988 (quoting Slomowitz v. Walker, 429 So.2d 797, 800 (Fla. 4th DCA 1983)):
[Cjlear and convincing evidence requires that the evidence must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the testimony must be precise and explicit and the witnesses must be lacking in confusion as to the facts in issue. The evidence must be of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established.
*562 The voluntary trial resolution judge entered a comprehensive order on OLMHP’s motion. The trial court thereafter entered an amended final judgment pursuant to section 44.104(11). This judgment does not specifically adopt or incorporate the voluntary resolution trial judge’s order. For our purposes, we will assume that the trial court adopted the order as its own. Indeed, the amended final judgment refers to the order. The judgment also recites that final judgment is entered in favor of OLMHP, notwithstanding the earlier jury verdict.'[4]
We review a directed verdict ruling de novo. Jackson Hewitt, Inc. v. Hainan, 100 So.3d 19, 27 (Fla. 2d DCA 2011) (addressing directed verdict standard of review); Alterra, Healthcare Corp. v. Campbell, 78 So.3d 595, 601 (Fla. 2d DCA 2011) (addressing standard of review for judgment notwithstanding the verdict). We apply the same test that the trial court would apply:
A motion for directed verdict should be granted only where no view of the evidence, or inferences made theréfrom, could support a verdict for the nonmov-ing party. In considering a motion for directed verdict, the court must evaluate the testimony in the light most favorable to the nonmoving party and every reasonable inference deduced from the evidence must be indulged in favor of the nonmoving party.
Kaman, 100 So.3d at 27 (citations omitted). Applying this standard, we conclude that the Merritts did not demonstrate by clear and convincing evidence that OLMHP acted with a felonious intent. Accordingly, we agree with OLMHP that the voluntary trial resolution judge correctly applied the law to the facts before him.
Although our decision favors OLMHP on the merits, we do not agree with its suggestion that we may not review the underlying factual findings at trial. See § 44.104(11). We are not convinced that our review involves a reassessment of the facts. Instead, we accept the facts as developed below and determine only whether they were sufficient, as a matter of law, to establish civil theft. This legal analysis is the ken of an appellate court. Moreover, OLMHP’s brush sweeps too broadly and would eviscerate our de novo standard of review in cases involving a directed verdict. We are aware of no supreme court standard or rule of appellate procedure that so limits our review standard.
We previously allowed an appeal from a section 44.104 order in an insurance coverage case. See W. Fla. Vill. Inn, Inc., 874 So.2d at 29. That case, which involved a bench trial before a voluntary trial resolution judge, recognized that “Hollowing procedural maneuvering not relevant here, the parties submitted the matter to voluntary trial resolution in Hillsborough County pursuant to section 44.104, Florida Statutes (2001).” Id. We did not suggest that section 44.104(11) trumps the standard appellate review requirements at issue here. But cf. Witt v. La Gorce Country Club, Inc., 35 So.Sd 1033, 1037 (Fla. 3d DCA *563 2010) (stating that pursuant to section 44.104(11) the trial resolution judge’s findings of fact are not reviewable on appeal, but questions of law, including those pertaining to contract interpretation, are reviewed de novo).
For purposes of clarity we must note that the Merritts asserted that the parties intended only a substitute judge who would act like an actual sitting judge and did not intend limited appellate review. Although not directly relevant to our conclusion, we must say that this position flies in the face of the wording of the statute and the admonition in the applicable administrative order. See Admin. Order at note 4. Litigants who agree to the use of a voluntary trial resolution judge should be well-advised by their counsel of the ramifications of such an agreement.
Having determined that there was, as a matter of law, no clear and convincing evidence of felonious intent so as to constitute civil theft, we must affirm the amended final judgment.
Affirmed.
BLACK, J., Concurs.
ALTENBERND, J., Concurs with opinion.

. The parties use the term motion for judgment notwithstanding the verdict. Although disfavored, see Hall v. Ricardo, 331 So.2d 375, 376 (Fla. 3d DCA 1976) (citing Fla. R. Civ. P. 1.480), and 55 Fla. Jur. 2d Trial § 160 (2013), the term is still widely used.

. BJ Jarvis, Melaleuca An Invasive Tree of Florida, http://pasco.ifas.ufl.edu/gardening/ melaleuca.shtml (last visited Mar. 14, 2013).

. We do not address whether the facts of this case, which sound in traditional causes of action for negligence or trespass, can state a cause of action for civil theft.

. Section 44.104(1) is silent as to the level of deference the trial court owes to an order of a voluntary trial resolution judge. Must the trial court review the order de novo? Is an abuse of discretion applicable? Does the trial court merely perform a ministerial act in rendering a final judgment on the order? We think it is beyond peradventure that litigants and courts would benefit from further guidance on this issue from the legislature or the supreme court. We observe, however, that some courts have alerted litigants to the limited review attending the use of a voluntary trial resolution judge. See Sixth Judicial Circuit Admin. Order No. 2005-053 PA/PI-CIR. Voluntary Trial Resolution.