DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AVP DESTINY, LLC,** a Florida limited liability company, **ANTHONY V. PUGLIESE, III,** individually, **ANTHONY V. PUGLIESE, INC.** d/b/a **THE PUGLIESE COMPANY** and **JOSEPH REAMER,**
Appellants/Cross-Appellees,

v.

**FD DESTINY, LLC, ELISABETH** and **JONATHAN DELUCA**
as Co-Personal Representatives of the Estate of
**FREDERICK A. DELUCA, LAND COMPANY OF OSCEOLA COUNTY, LLC, FD DESTINY CREDIT, LLC,** and
**DOCTORS' ASSOCIATES, INC.** f/k/a **SUBWAY,**
Appellees/Cross-Appellants.

No. 4D17-2439

[April 10, 2019]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case Nos. 502009CA040295XXXXAG and 502009CA029903XXXXMB.

Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, John F. Mariani of Kammerer Mariani PLLC, West Palm Beach, and Bruce S. Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, for appellants/cross-appellees.

Christopher N. Bellows and Rodolfo Sorondo, Jr. of Holland & Knight LLP, Miami, Richard C. Hutchison of Holland & Knight LLP, West Palm Beach, and John R. Chapman of Holland & Knight LLP, Fort Lauderdale, for appellees/cross-appellants.

DAMOORGIAN, J.

AVP Destiny, LLC, Anthony V. Pugliese, III, individually, Anthony V. Pugliese, Inc. d/b/a The Pugliese Company, and Joseph Reamer (collectively the "Pugliese Parties") appeal the final judgment entered in favor of FD Destiny, LLC, Elisabeth and Jonathan DeLuca as Co-Personal Representatives of the Estate of Frederick A. DeLuca, and Land Company of Osceola County, LLC (collectively the "FD Parties") following a five-week jury trial. On appeal, the Pugliese Parties argue that the trial court erred

in: 1) denying their motion for directed verdict; 2) denying their motion to set aside a previously entered judgment; 3) denying their motion to amend the pleadings to conform to the evidence; 4) excluding certain evidence; and 5) instructing the jury on the FD Parties' affirmative defenses. We affirm on these arguments without further comment. The FD Parties cross-appeal the final judgment, arguing that the court erroneously calculated its damages. We affirm on this issue for the reasons discussed below.

This appeal arises from the failed development of a large parcel of property. For reasons not relevant to the issue being addressed in this opinion, the FD Parties sued the Pugliese Parties for civil theft. The jury ultimately awarded the FD Parties $2.9 million in compensatory damages on that count. Pursuant to the civil theft statute, section 772.11, Florida Statutes, the court trebled that amount. It then added prejudgment interest on the $2.9 million awarded by the jury to the trebled sum. The FD Parties challenge this computation on appeal, arguing that the court should have added the prejudgment interest to the $2.9 million and then trebled that combined sum. In other words, they argue that the prejudgment interest should have been included as an element of damages and trebled. We disagree.

It is well established that "because the purpose of prejudgment interest is restitution, rather than retribution, the prejudgment interest should only be awarded on the actual amount stolen and not on the treble damages." *Vining v. Martyn*, 660 So. 2d 1081, 1082 (Fla. 4th DCA 1995); *accord Sebastiano v. Sclafani*, 984 So. 2d 673, 673 (Fla. 4th DCA 2008); *R & B Holding Co. v. Christopher Advert. Grp., Inc.*, 994 So. 2d 329, 334 (Fla. 3d DCA 2008). Therefore, it stands to reason that if prejudgment interest cannot be awarded on the amount as trebled under the civil theft statute, it likewise cannot be added to the actual amount stolen and then trebled. Whether the prejudgment interest is added to the actual amount stolen and then trebled or whether the actual amount stolen is trebled and then prejudgment interest added, the result is the same: the prejudgment interest is impermissibly trebled.

The FD Parties nonetheless argue that their proposed method for computing damages is correct pursuant to *O'Donnell v. Arcoiries, Inc.*, 561 So. 2d 344 (Fla. 4th DCA 1990). Specifically, they rely on a single sentence in that case wherein this Court held that "the trial court properly computed treble damages by including prejudgment interest as an element of damages." *Id.* at 345. This Court, however, has declined to interpret *O'Donnell* as authorizing prejudgment interest on the treble damages:

2

Although this court in *O'Donnell* . . . stated that "the trial court properly computed treble damages by including prejudgment interest as an element of damages," this single sentence does not make clear whether this court was authorizing prejudgment interest on the treble damages or the compensatory portion of the award. Thus, we do not read *O'Donnell* as restricting our opinion at bar.

*Vining*, 660 So. 2d at 1082.

Based on the foregoing, we affirm the final judgment in all respects.

*Affirmed.*

CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3